# Richmond.

## J. A. Cox and H. Dorit v. City Council of Bristol.

### March 17, 1927.

1. PUBLIC OFFICERS—*Municipal Corporations—Member of Council—Divsion into Two Groups—Holding Over where Division was not made—Case at Bar.*—Under the charter of the city of Bristol, Acts of 1922, page 382, it was the duty of the city council, elected in June 1923, to observe the general law, Code of 1919, section 2932, by drawing lots to divide itself into two groups as nearly equal in number as possible, one of which groups was to have a term of two years and the other group a term of four years. The performance of this duty would have required an election for the successors of the two year group at the general election in June, 1925. This classification had not been made at the time of the decision of the Supreme Court of Appeals in 1926, *Cox v. City Council of Bristol,* 144 Va. 286, 132 S. E. 187, that such division should be made, so there was no election of councilmen in June, 1925. After this decision the classification was made and the failure to hold the election in 1925 left the original two year class lawfully holding over after the expiration of their terms until their successors should lawfully be chosen. It was claimed that as there was no election in 1925, the original two year class should hold over for four years until the regular election in 1929. While on the other hand it was claimed that their successors should be elected in 1927.

   *Held:* That the latter contention was the sound one and the successors to the original two year group should be elected in 1927.

2. MUNICIPAL CORPORATIONS—*Council—Construction of Section 2932 of the Code of 1919—Case at Bar.*—The dominant purpose of section 2932 of the Code of 1919 was to permit the voters to elect their councilmen. The general rule as to omitted duty is that if not discharged at the prescribed time, the error should be corrected as soon thereafter as possible. In the instant case the fundamental error was the failure to classify the members of a city council as provided by the statute, Code of 1919, section 2932, so that an election of the successors of the two year class for a full term of four years could be held in 1925. The classification having been subsequently made, the result of the error is not corrected, but only emphasized, magnified and perpetuated by holding that this two year class, in consequence of the primary error, have their terms extended four years, or until 1929.

Error to an order of the Corporation Court of the city of Bristol, on a petition for a declaratory judgment under section 6140-a-6140-h of the Code of 1919.

*Reversed.*

The opinion states the case.

*J. S. Ashworth,* for the plaintiff in error.

*Donald T. Stant,* for the defendant in error.

PRENTIS, P., delivered the opinion of the court.

This court, in the case of *Cox* v. *City Council of Bristol,* 144 Va. 286, 35 Va. App. 258, 132 S. E. 187, construing the charter of the city of Bristol, and Code, section 2932, as amended by Acts 1922, page 382, held that it was the duty of the council elected in June, 1923, to observe the general law, Code, section 2932, and by drawing lots divide itself into two groups as nearly equal in number as possible, one of which groups to have a term of two years and the other group a term of four years.

This duty, if seasonably performed, would have required an election for the successors of the two year group at the general election in June, 1925. This classification had not been made at the time of the decision in 1926, so that there was no election of councilmen in June, 1925. After this decision, and in obedience to the statute, the council, on April 6, 1926, properly performed their delayed duty, and made the classification required by the statute. They determined that councilmen Grant and Robertson were in the four year class, whose terms expire in 1927, and whose successors should, therefore, be elected in June, 1927, and that councilmen Goodwin, Malone and

Warren were in the two year class whose terms had already expired and whose successors should have been theretofore elected in 1925, for terms of four years, expiring in 1929.

This failure to hold an election in 1925 left those in the original two year class, Goodwin, Malone and Warren, lawfully holding over after the expiration of their terms until their successors should be lawfully chosen.

It is on the one hand claimed that because there was no election in 1925, for the successors of Goodwin, Malone and Warren, they hold over for four years, until the regular election in 1929, while on the other it is claimed that their successors should also be elected in 1927.

The learned judge of the trial court, apparently feeling that the question is concluded by the expressions of this court in *Chadduck* v. *Burke*, 103 Va. 694, 49 S. E. 976, and *Frantz* v. *Davis*, 144 Va. 320, 131 S. E. 784, as to appointments to fill official vacancies, held that the two year group, Goodwin, Malone and Warren, hold over for four years more, the full term; that their successors cannot be legally chosen until June, 1929, and that only the successors of the four year class, Grant and Robertson, can be legally elected in June, 1927.

Of this holding the petitioners complain.

[1, 2] The question requires a further construction of Code, section 2932. Cases defining technical vacancies in office are helpful, but not controlling. The dominant purpose of that section was to permit the voters to elect their councilmen. The general rule as to omitted duty is that if not discharged at the prescribed time, the error should be corrected as soon thereafter as possible. Here, the fundamental error was the failure to classify the members of the council

so that an election of the successors of the two year class for a full term of four years could be held in 1925. The classification has now been made, the result of the error, however, is not corrected, but only emphasized, magnified and perpetuated by holding that this two year class, in consequence of the primary error, have their terms extended four years, or until 1929. The proper thing to do with a mistake is to correct it as soon as possible, and this error can be partially corrected by giving the people an opportunity to exercise their privilege of choice conferred by the statute, as mistakenly denied in 1925, at the earliest possible date, which is at the next general election in June, 1927.

Substance is sacrificed to form in holding that the error committed in 1925 can never be corrected, as is the result if the successors of the two year class cannot be chosen until the general election in 1929. The substance is the effectuating of the kind of municipal government which has been chosen by the people of Bristol. That kind of a municipal government empowers the voters to select the members of the council for limited terms. To postpone the exercise of this right until 1929, because of the failure to hold the election in 1925, is to violate the true intent and meaning of the statute. Code, section 2932. Our construction of that statute then is that in order to correct the mistake of 1925, and to effectuate the chosen form of government in Bristol, all five of the councilmen for the city should be chosen at the general election in June 1927; the successors of the original two year class, Goodwin, Malone and Warren, for the unexpired term ending August 31, 1929; and the successors of the original four year class councilmen, Grant and Robertson, for the regular four year term, expiring August 31, 1931.

*Reversed.*