## Richmond

### EARLY USED CARS, INC. v. J. THOMAS PROVINCE, COMMISSIONER IN CHANCERY, ETC.

November 23, 1977.

Record No. 761376.

Present: Carrico, Harrison, Cochran, Harman, Poff and Compton, JJ.

C. *Waverly Parker*, for plaintiff in error.

B. *Waugh Crigler; J. Thomas Province* (*Lea, Davies, Crigler & Barrell*, on brief), for defendant in error.

COCHRAN, J., delivered the opinion of the Court.

Early Used Cars, Inc. (Early), filed its petition in the court below seeking a writ of mandamus to compel J. Thomas Province, a commissioner in chancery of the court, to issue a

writ against John F. Carter pursuant to the provisions of Code § 8-438 (Repl. Vol. 1957).[1] Early has appealed from the final order entered on June 18, 1976, in which the trial court ruled that even if all matters stated in the petition were true the writ should not issue, and dismissed the petition. In this appeal, therefore, we assume that all allegations of the petition are true.

On November 6, 1972, Early obtained a judgment against John F. Carter in the Culpeper County Court in the sum of $408.48, with attorney's fees, interest, and costs. This judgment was recorded in the judgment lien docket of the Clerk's Office of the Circuit Court of Culpeper County on May 28, 1976, on which date a writ of *fieri facias* was delivered to the Sheriff of Culpeper County to be executed. On the same date, upon Early's application, a summons was issued from said Clerk's Office under the provisions of Code § 8-435 (Cum. Supp. 1975)[2] and

---

[1] "**§ 8-438. How debtor may be arrested and held to answer.** — If any person summoned under § 8-435 shall fail to appear and answer, or shall make any answers which are deemed by the commissioner or trial justice to be evasive, or if, having answered, shall fail to make such conveyance and delivery as is required by § 8-436, the commissioner or trial justice shall issue a writ directed to any sheriff, sergeant or high constable requiring such sheriff, sergeant or high constable to take the person so in default and keep him safely until he shall make proper answers, or such conveyance or delivery, as the case may be, and upon making such answers, or such conveyance and delivery, he shall be discharged by such commissioner or trial justice. He may also be discharged by the court from whose clerk's office the fieri facias issued, or by the judge thereof in vacation, in any case if the court or judge shall be of opinion that he was improperly committed, or is improperly or unlawfully detained in custody."

Note: This statute, with inconsequential amendments, is now Code § 8.01-508 (Repl. Vol. 1977), effective October 1, 1977. Acts 1977, c. 617.

[2] "**§ 8-435. Proceedings by interrogatories to ascertain estate of debtor.** — To ascertain the personal estate on which a writ of fieri facias is a lien, and to ascertain any real estate, in or out of this State, to which the debtor named in a judgment and fieri facias is entitled, upon the application of the execution creditor, the clerk of the court from which such fieri facias issued, or the trial justice if it was issued by a trial justice who has no clerk, or if it was issued by a trial justice other than a civil justice, a civil and police justice or a trial justice appointed under the provisions of chapter 2 of Title 16, the clerk of the circuit court of the county or the corporation court of the city in which such justices reside, shall issue a summons against the execution debtor, or any officer of the corporation if such execution debtor be a corporation having an office in this State, or any debtor or bailee of the execution debtor, requiring him to appear before the trial justice who issued the writ if it was issued by a trial justice who is a civil justice, a civil and police justice or a trial justice appointed under the provisions of chapter 2 of Title 16, or a commissioner in chancery named in the summons, if the writ was not issued by such trial justice, at a time and place designated in such summons, to answer such interrogatories as shall be propounded to him by counsel for the execution creditor or by the commissioner or justice, as the case may be; . . . The debtor or other person served

delivered to the sheriff to be served on Carter, requiring him and his alleged debtor and bailee to appear before J. Thomas Province, a commissioner in chancery of the Circuit Court of Madison County, at his office on June 15, 1976, at 2:00 p.m. to answer interrogatories concerning the estate of Carter upon which Early's judgment was a lien or any real estate to which Carter was entitled. The sheriff's return shows that this summons was executed by personal service on Carter on June 1, 1976.

Carter failed to appear before the commissioner at the designated time and place. Early thereupon demanded that the commissioner issue a writ against Carter under the provisions of Code § 8-438. On the following day, Early's counsel presented a proposed writ for Carter's arrest which he requested the commissioner to sign for delivery to the sheriff for execution. The writ, following the statutory language, directed the sheriff to seize Carter, keep him safely until he shall appear and make proper answers and be discharged by the commissioner, and to bring him immediately before the commissioner so that bail could be considered and his examination promptly conducted. The writ, prepared by Early's counsel, also provided that Carter at his election could discharge the writ by paying Early's judgment, and all costs incident thereto, in the amount specified therein.

Commissioner Province affixed his signature to the writ, which he retained in his possession for further consideration, but he expressed misgivings about the procedure. After ascertaining that the policy of the trial court was not to permit commissioners in chancery to issue such writs, Province, threatened by one of the judges of the trial court with revocation of his appointment as a commissioner if he violated the policy, struck his signature from the writ, declined to sign it in the form tendered or in any other form, and stated that he would act no further in the proceeding.

On appeal, Early argues that service of process on Carter was sufficient to support issuance of the proposed writ, that the

with such summons shall appear at the time and place mentioned and make answer to such interrogatories . . . ."

Note: This statute, as amended, is now Code § 8.01-506 (Repl. Vol. 1977), effective October 1, 1977. Acts 1977, c. 617.

provisions of Code § 8-438 are mandatory and a commissioner has no discretionary power to refuse to act thereunder, and that all the requisites for mandamus are present. We agree that the record shows that Carter was properly summoned but failed to appear, and that the language of Code § 8-438 is mandatory.

■ We have recently restated the principles which govern the issuance of a writ of mandamus. The writ will issue where the petitioner has a clear right to the relief sought, the respondent has a legal duty to perform the act which the petitioner seeks to compel, and there is no adequate remedy at law. Mandamus will lie to compel performance of a ministerial, not a discretionary, act, but the duty is no less ministerial because the officer must determine the facts which make it necessary for him to act. *Prince William Co.* v. *Hylton Enterprises*, 216 Va. 582, 584, 221 S.E.2d 534, 536 (1976). *See Planning Commission* v. *Berman*, 211 Va. 774, 180 S.E.2d 670 (1971). With these principles in mind, we must determine whether all requisites for mandamus are present in the case under review.

■ Province first contends that by reasonable statutory construction the provisions of Code § 8-438 apply only when a judgment debtor fails to appear and answer, not when he merely fails to appear. There is no merit in this argument. While it is true that the statute is worded in the conjunctive rather than the disjunctive, and that the judgment debtor must not only appear but also answer, Carter did not comply with this mandate by appearing and answering. The statute makes further provision for a judgment debtor who appears and makes evasive answers or fails to convey and deliver assets to which the judgment creditor is found to be entitled. Under Province's theory, which we reject, any judgment debtor could indefinitely evade the strictures of the statute by ignoring the summons.

■ Province also asserts that a commissioner in chancery under the provisions of Code § 8-252 (Repl. Vol. 1957) [3] is

---

[3] "§ 8-252. Commissioners may compel the attendance of witnesses. — A commissioner in chancery, to whom has been referred any account or other matter, may compel the attendance of all needed witnesses by summons, rule, or attachment in like manner as a circuit court, save that he shall not have the power of imprisonment. But any witness who has been fined by a commissioner acting under the authority of this section shall within ten days from the order of fine, have an appeal of right, without giving bond, to the court by whom the commissioner was appointed."

Note: This statute, as amended, is now Code § 8.01-612 (Repl. Vol. 1977),

expressly denied the power to imprison a witness who fails to appear before him. That statute, however, provides discretionary remedies which may be used to compel the attendance of witnesses summoned to appear before a commissioner in proceedings referred to him by the circuit court; it is inapplicable to the special proceeding authorized by Code § 8-435 to ascertain the assets of a judgment debtor.

■ As to Province's argument that no notice was given to Carter that his failure to appear might result in his arrest, and that no rule was issued requiring him to show cause why he should not be imprisoned, the answer is that no such notice or rule is required by the statute. The summons served on Carter showed on its face that it was an official court process; Carter ignored it at his peril. Early had the right to proceed in accordance with the specific statute, Code § 8-438, available for the purpose of enforcing compliance with the summons. The language of the statute is mandatory, requiring that the commissioner act. Even if other more leisurely proceedings may have been available, as Province asserts, Early would be entitled to mandamus unless the other remedies were equally convenient, beneficial and effective. *Richmond Ry., &c. Co.* v. *Brown*, 97 Va. 26, 33, 32 S.E. 775, 777 (1899). It is readily apparent that no other remedy would meet this requirement. The expeditious remedy afforded by the statute, requiring action by the very official most familiar with the facts, must necessarily be more convenient and effective, if not more beneficial, than other alternatives.

■ Province says that, in view of the policy of the trial court prohibiting the issuance of such a writ, he should not be compelled to perform a vain and useless act. But subsequent revocation of the commissioner's appointment will not of itself render issuance of the writ pursuant to law a vain and useless act. Moreover, any local policies and rules must give way to statutes validly enacted by the General Assembly. If mandamus lies in this case to require issuance of the writ against Carter, the commissioner performing this function may act with impunity and without fear of reprisals for complying with the law rather than following an invalid local rule or policy.

effective October 1, 1977. Acts 1977, c. 617. The amended statute permits only the court to punish a witness who fails to respond to a summons initiated by a commissioner to whom a matter has been referred.

■ The final argument made by Province challenges the sufficiency of the writ as tendered to him. He insists that by its language the writ would have used the processes of the court to enforce collection of a civil debt, that Carter's imprisonment was contingent upon his failure to discharge the debt, and that this contingency was prohibited by *Makarov* v. *Commonwealth*, 217 Va. 381, 228 S.E.2d 573 (1976). We do not agree.

In *Makarov*, we held that part of Code § 40.1-29 (Repl. Vol. 1976) unconstitutional which made it a misdemeanor for an employer to fail to pay employees the wages or salaries due them. Declining to read into the statute a requirement of criminal intent, we held that it violated the proscription against imprisonment for debt and to that extent was unconstitutional.[4] In the present case, however, neither the statute nor the proffered writ authorizes imprisonment for debt. The writ stated, as an alternative not provided in the statute, that Carter could end the proceedings summarily by paying the debt, with interest and costs, in the amount specified. Although payment was an obvious alternative available to Carter, and no written statement of the indebtedness was required, the total amount payable to the judgment creditor might not otherwise have been known to the debtor unless he had examined the judgment lien docket and computed the figure for himself. But payment of the indebtedness was not made a condition for avoiding imprisonment. All that Carter was required to do was come before the commissioner, disclose his estate, and surrender any assets to which Early was entitled. A full disclosure, satisfactory to the commissioner, that showed no assets from which the creditor could exact payment would have ended the proceeding. Carter's arrest would have been based, not upon his failure to discharge the judgment, but upon his failure to comply with the summons.

■ We agree that it is advisable for a writ to follow as closely as possible the language of the enabling statute, without extraneous additions. In the present case, however, the commissioner, instead of deleting the surplusage that stated the alternative available to Carter, declined to sign the writ in any form, even with the unnecessary language deleted. The

---

[4] The statute has since been amended to require proof of criminal intent. Code § 40.1-29 (Cum. Supp. 1977). Acts 1977, c. 308.

commissioner had the discretionary power to draft or revise the writ to conform more closely to the statute, but he did not have the option to refuse to issue the writ in proper form.

We conclude that all the requirements for mandamus have been met in this case. Accordingly, we reverse the final order dismissing Early's petition for issuance of a writ of mandamus against the commissioner in chancery, and we remand the case to the trial court with directions to order the commissioner to issue a writ as mandated by Code § 8.01-508 (Repl. Vol. 1977), formerly Code § 8-438, directed to any sheriff requiring him to take and keep safely the judgment debtor until the conditions of the statute have been met.

*Reversed and remanded.*