## Richmond

### GILES COUNTY BOARD OF SUPERVISORS

### v.

### ARNOLD G. CARR AND ROSCOE C. MUNSEY

September 11, 1981.

Record No. 801425.

Present: Carrico, C.J., Cochran, Compton, Stephenson, JJ., and Harman, S.J.

*Max Jenkins* for appellant.
(*H. Gregory Campbell, Jr.; Gilmer, Sadler, Ingram, Sutherland & Hutton*, on brief), for appellees.

PER CURIAM.

In this appeal, we consider whether the circuit court erred in issuing a writ of mandamus compelling the Giles County Board of Supervisors to reinstate two individuals to membership on the Giles County Social Services Board.

At a meeting held in January, 1980, the newly elected Giles County Board of Supervisors (Board of Supervisors) vacated all seats of the Giles County Social Services Board (Board), including those of Arnold G. Carr and Roscoe C. Munsey. A few days thereafter, the Board of Supervisors gave its reasons for the dismissal of the former Board members.[1] Carr and Munsey petitioned the circuit court for a writ of mandamus to compel the Board of Supervisors to reinstate them, and on May 12, 1980, the circuit court issued the writ.

---

[1] The reasons included citizens' complaints of rude behavior by the former members of the Board, a desire to appoint Board members "more philosophically in tune" with the Board of Supervisors, and a lack of leadership by former Board members.

On May 19, 1980, the Board of Supervisors reinstated Carr and Munsey, as directed by the circuit court, and on the same date held a hearing to determine whether cause existed for their dismissal. Notice of the dismissal hearing was sent to Carr and Munsey on May 1 alleging six reasons for their dismissal, including the listing of the names of public assistance recipients in the Board's minutes.[2]

At the May 19 hearing, the Board of Supervisors heard the testimony of two witnesses, Linda Boggs, the Director of the Board, and Michael J. Davis, a newly appointed Board member. Boggs testified that, as part of a 1978 administrative review of the Board's practices, a Special Assistant Attorney General directed the Board to refrain from publishing the names of public assistance recipients in Board minutes. Carr and Munsey were Board members at that time.

Davis testified that the Board was told of the Attorney General's directive in the April, 1978, meeting, but that "hundreds" of clients' names thereafter appeared in the minutes. Davis also stated that many of the names published were those of children under the State's foster-care program and that this practice was illegal.[3] On the basis of this and other evidence, the Board of Supervisors removed Carr and Munsey.

Carr and Munsey again petitioned the circuit court to issue a writ of mandamus to compel their reinstatement. After reviewing the transcript of the May 19 hearing, the trial judge concluded that the Board of Supervisors did not have cause[4] to remove Carr and Munsey and issued a writ of mandamus compelling their reinstatement.

 While we have held that mandamus is a proper remedy for reinstating an officeholder wrongly deprived of this office, *Dew v. Judges of Sweet Springs*, 13 Va. (3 Hen. & M.) 1 (1808); *see*

---

[2] The other reasons were: excessive budget proposals, inaccurate budget projections, failure to adhere to prescribed procedures concerning the reading of prior meetings' minutes, failure to approve administrative bills during meetings, and rigidity of personnel policy.

[3] Code § 63.1-53 provides in pertinent part that "[i]t shall be unlawful for any person, firm, corporation, or association . . . to publish the name of any child receiving assistance under the provisions of § 63.1-56 of the Code of Virginia [foster-care program], and any person violating these provisions shall be guilty of a misdemeanor and punished accordingly."

[4] Code § 63.1-45 provides that the "[m]embers of any local board [of the department of social services] may be suspended or removed for cause by the State Board or by the judge or other officer, board or body authorized to appoint the members of the local board."

*also Sinclair* v. *Young,* 100 Va. 284, 40 S.E. 907 (1902), the trial judge erred in granting a writ in this case. The Board of Supervisors exercised the discretion granted to it by the General Assembly in finding that cause existed to remove Carr and Munsey. Mandamus will not lie to undo a discretionary act, *Thurston* v. *Hudgins,* 93 Va. 780, 20 S.E. 966 (1895), and the trial court erred in substituting its judgment for that of the Supervisors.

Therefore, the judgment of the trial court will be reversed, the writ vacated and the petition dismissed.

*Reversed, writ vacated and petition dismissed.*