## CIRCUIT COURT OF FAIRFAX COUNTY

Evans

v.

Chief of Police

August 30, 1990

Case No. (Chancery) 117522

By JUDGE MICHAEL P. McWEENY

This matter came before the Court upon defendant's Demurrer. After oral argument, the case was taken under advisement. As set forth below, the Demurrer is overruled.

The first issue to be addressed is whether a writ of mandamus lies for alleged violations of the Privacy Protection Act of 1976. The Virginia Code specifically authorizes mandamus proceedings for persons aggrieved by violations of that Chapter. *See* Va. Code § 2.1-386 ("Any aggrieved person may institute a proceeding for injunction or mandamus against any person or agency which has engaged . . . in any acts or practices in violation of the provisions of this Chapter.") Therefore, a writ of mandamus is the appropriate legal remedy for the relief sought in this case.

The second issue to be addressed is whether the Demurrer should be sustained on the grounds that the complainant has failed to establish in her petition certain elements necessary to a mandamus proceeding. A mandamus action generally consists of three elements: (1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of the respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy. *Early Used Cars, Inc. v. Province*, 218 Va. 605, 609 (1977). As set forth , below, the

petitioner has satisfied each of these elements in her pleadings.

As to the first element, § 2.1-382 of the Virginia Code gives data subjects like petitioner the clear legal right to inspect all "personal information" about themselves. Va. Code § 2.1-382(3)(a). Defendant contends in its Demurrer that § 2.1-384(7) specifically exempts the IA investigative file from "personal information" subject to the Act. A fair interpretation of § 2.1-384(7) is that the phrase "relating to criminal activity" modifies "intelligence gathering" *and* "investigations." Since petitioner alleges in her petition that her personal file includes the IA investigative report, the IA report appears to be a personal rather than criminal investigation.[1] A demurrer tests only the sufficiency of the pleadings. It will be overruled if the pleadings state the essential elements of a cause of action; the test is not whether evidence might be adduced to defeat it. *Lyons v. Grether*, 218 Va. 630, 633 (1977). Petitioner has established in her petition on its face the clear and legal right to inspect her personal file, including the IA report.

The second element of a mandamus proceeding requires the petitioner to establish a clear legal duty on the part of the respondent to act. There can be no mandamus to do a discretionary act. *Giles County Board of Supervisors v. Carr*, 222 Va. 379, 382 (1981). The duty of the Chief of Police to release personal information about an employee to the employee is not discretionary under the Privacy Protection Act. The Act states that an agency maintaining personal information *shall* upon request grant data subjects the right to inspect. Va. Code § 2.1-382(A). "Shall" implies mandatory action.

Defendant also contends in its demurrer that petitioner has failed to demonstrate the third element of a mandamus proceeding. In her petition, petitioner states that she requires the information in the investigative file to

---

[1] See also Hinderliter v. Humphries, 224 Va. 439 (1977). Although the court did not specifically address the exemption issue of Section 2.1-384(7), the court did consider the personnel records of a police officer, containing an IA investigation, to be an "information system" subject to the Privacy Protection Act of 1976. Id. at 447.

be assured of due process in her Civil Service Commission hearing. A demurrer confesses the truth of the facts alleged and accepts all reasonable inferences therefrom. *Lyons*, 218 Va. at 631. By stating in her pleading that she *requires* the information sought, Petitioner has by inference established that she has no adequate remedy at law.

Since complainant's petition states a cause of action for which relief can be granted, taking her allegations in the petition to be true, the Demurrer is overruled.