## CIRCUIT COURT OF FAIRFAX COUNTY

National Rural
Utilities Cooperative
Finance Corp.

v.

Greenlief

February 24, 1992

Case No. (Chancery) 124527

BY JUDGE J. HOWE BROWN

This matter is before the Court on a petition for mandamus filed by the National Rural Utilities Cooperative Finance Corporation. After hearing oral argument, the Court took the matter under advisement to consider the applicable law. For the reasons set forth below, the petition is denied.

A mandamus action generally consists of three elements: (1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of the respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy. *Early Used Cars, Inc. v. Province*, 218 Va. 605, 609 (1977). The court finds that the first two elements have not been satisfactorily established in this case.

The Virginia Freedom of Information Act provides that all official records be open to inspection and copying by citizens of the Commonwealth. Code § 2.1–342(A). Certain records are excluded from the provisions of the Act, however, such as the records specified in Code § 58.1–3. *See* Code § 2.1–342(B)(22). The records referred to in Code § 58.1–3 concern information acquired by certain tax officials relating to the transactions, property, income or business of any person, firm or corporation. Code § 58.1–3 also exempts four classes of tax records from the scope of that code section, including matters required by law to be entered on any public assessment roll or book.

Although the information sought in the present action is part of the official records kept by the respondent, the information pertaining to the tax-exempt status of particular entities falls under the ambit of Code § 58.1–3 and therefore is exempt from the provisions of the FOIA. Moreover, petitioner has failed to establish to the court's satisfaction that the information sought falls under any of the four exceptions to Code § 58.1–3. Therefore, petitioner has no clear legal right to the information.

Further, under the FOIA, public bodies are not required to create or prepare a particular requested record if it does not already exist. Code § 2.1–342(A). Public bodies may, but are not required to, abstract or summarize information from official records or convert an official record available in one form into another form at the request of the citizen. *Id.* With respect to this latter provision, note that there can be no mandamus to do a discretionary act. *Giles v. County Board of Supervisors*, 222 Va. 379, 382 (1981). The respondent has testified that the information sought by the petitioner does not exist in the form requested. Thus, there is no legal duty for the respondent to either create a record or convert existing records into the form requested for a mandamus action.

For these reasons, the petition for mandamus is denied.