Present:  All the Justices

YVONNE G. SMITH

                                        OPINION BY
v.  Record No. 000337      JUSTICE LAWRENCE L. KOONTZ, JR.
                                     January 12, 2001
RICHMOND NEWSPAPERS, INC., ET AL.

              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                         George F. Tidey, Judge

     In this appeal, we consider whether audio tape recordings

of a felony criminal trial are open to inspection by the public

under Code § 17.1-208 and, if so, whether mandamus is the proper

remedy to compel the clerk of the trial court to allow such

inspection.

                              BACKGROUND

     The facts have been stipulated.  Yvonne G. Smith (the

Clerk) is the Clerk of the Circuit Court of Henrico County.  It

is the practice of that court to record audio tapes of felony

criminal trials when a court reporter is not present.  These

audio tapes are recorded on equipment kept in the courtrooms and

operated by court personnel.  When the trials are concluded, the

audio tapes are kept in the Clerk's office.  Should a written

transcript be required of a trial recorded on one of these audio

tapes, a court reporting service will prepare the transcript.

Otherwise, the only record of the trial are the audio tapes

themselves.

On June 2, 1999, Thomas C. Campbell, a reporter for Richmond Newspapers, Inc., which publishes the Richmond Times-Dispatch, asked the Clerk if he could listen to the audio tapes of a specific trial for which no written transcript had been prepared.  The Clerk denied this request.

On June 3, 1999, Richmond Newspapers, Inc. and Campbell (the petitioners) petitioned the circuit court for a writ of mandamus directing the Clerk to allow them, or any person, to listen to the audio tapes.[1]  In addition to her answer to the petition for mandamus, the Clerk filed a demurrer to the petition, asserting that the audio tapes are not a record open to inspection pursuant to Code § 17.1-208.  The Clerk further asserted that mandamus does not lie because the duty sought to be enforced is discretionary and that the petitioners do not have a clear right to the relief sought.  Thereafter, the circuit court conducted a hearing on the pleadings, supporting briefs, and the stipulated facts.

By order dated November 19, 1999, the circuit court concluded that a "tape recording of [a] felony trial[] is a record of the trial and thus open for public inspection."

---

[1]In the petition for mandamus, the petitioners made reference to Code § 17-43, the predecessor statute to Code § 17.1-208.  Title 17 was superseded by Title 17.1 effective October 1, 1998 without material change concerning the issue presented by this appeal.  Accordingly, we will address the current statute in this opinion.

Accordingly, the trial court awarded mandamus and directed that the Clerk "allow the petitioners, or any person, to listen to requested audio tapes of felony trials conducted in the Circuit Court of Henrico County that are maintained in her office."  We awarded the Clerk this appeal.

DISCUSSION

In support of her position that audio tape recordings of felony criminal trials are not records of the circuit court within the purview of Code § 17.1-208, the Clerk places primary reliance upon our decision in Shenandoah Publishing v. Fanning, 235 Va. 253, 368 S.E.2d 253 (1988).  She asserts that Shenandoah Publishing stands for the proposition that the records which are required to be open for inspection pursuant to this statute are those "records as that term is defined in Rule 5:10," which provides for the contents of the record on appeal from the trial court to this Court.  Rule 5:10, however, was not discussed in the Shenandoah Publishing opinion, and the Court nowhere in that decision defined the trial court records that must be open for inspection by reference to the components of the appellate record listed in that rule.  Nonetheless, the Clerk asserts that because audio tape recordings are not mentioned in Rule 5:10, such recordings are not included within the meaning of records of the circuit court under Code § 17.1-208.

3

The Clerk's reliance upon Shenandoah Publishing is misplaced. There, in a medical malpractice case, we were concerned with public access, under the predecessor of Code § 17.1-208, to certain data sealed by the trial court after the parties reached a compromise settlement. "To facilitate our analysis, we separate[d] the data sealed by the trial court into two classes[:]" pretrial documents and judicial records. Shenandoah Publishing, 235 Va. at 256-57, 368 S.E.2d at 254-55. The documents classified as judicial records were held to "include the pleadings and any exhibits or motions filed by the parties and all orders entered by the trial court in the judicial proceedings leading to the judgment under review." Id. at 257, 368 S.E.2d at 255. Pursuant to the "broad sweep" of the language contained in what is now Code § 17.1-208 and the generally accepted common-law rule of openness of judicial proceedings and judicial records, we concluded that the trial court erred in sealing these judicial records. Id. at 258-60, 368 S.E.2d at 255-56. No audio tape recordings or transcripts of the proceedings were involved in Shenandoah Publishing. Moreover, nothing in that case even suggests that we intended our classification of the data involved in that case to be a comprehensive and exclusive definition of "records" for purposes of determining the application and scope of Code § 17.1-208.

4

Finally, the Clerk asserts that Code § 8.01-420.3 and Rule 1:3 support her position.  She argues that a transcript of the trial is the most apt analogue to the tape recording at issue here.  Thus, because this statute is consistent with the provision of Rule 1:3 that trial transcripts may be made available to interested persons "upon terms and conditions to be fixed in each case by the judge," trial transcripts, or audio tape recordings, are not "open to inspection" under Code § 17.1-208.  We disagree with this reasoning.  Code § 8.01-420.3 and Rule 1:3 specifically address transcripts of the proceedings and the circumstances under which copies may be obtained.  Audio tape recordings are not transcripts of the proceedings, and here we are concerned only with the inspection of these tapes and not a request to obtain copies of them.

While we disagree with the Clerk's reasoning above, this does not resolve the question whether these audio tape recordings of felony criminal trials are "records" of the circuit court open to inspection as contemplated by the provisions of Code § 17.1-208, and we now turn to our analysis of that question.  Although not cited by either party, we begin that analysis with the provisions of Code § 19.2-165, which are particularly relevant to the inquiry sub judice.  This statute specifically directs that "[i]n all felony cases, the court or judge trying the case shall by order entered of record provide

5

for the recording verbatim of the evidence and incidents of trial either by a court reporter or by mechanical or electronic devices approved by the court." (Emphasis added). This statute further provides that the expense of recording the trial shall be paid by the Commonwealth to the localities that maintain mechanical or electronic devices for this purpose, unless the defendant is convicted and, thus, required to bear that expense. Pursuant to this statute, no transcript is prepared unless the defendant appeals his conviction. In addition, the statute in broad terms directs the individual designated to record the trial to file the "original records" with the clerk of the circuit court "who shall preserve them in the public records of the court for not less than five years if an appeal was taken and a transcript was prepared, or ten years if no appeal was taken."

In the instant case, the audio tapes are the only verbatim recording of the evidence and incidents of the felony criminal trial in question. There is no dispute that the audio tapes were produced by a mechanical or electronic device approved by the court and that court personnel designated to record the trial operated that device. Furthermore, there is no dispute that the audio tapes were properly filed with the Clerk who, pursuant to this statute, must preserve it in the public record of the circuit court for at least five years. Under such

circumstances, and in view of the undisputed tradition of openness to criminal proceedings in this Commonwealth, we are of opinion that when, as here, the audio tape recording of a felony criminal trial is the only record of that trial, it is a "record" of the court as contemplated by the provisions of Code § 17.1-208 and, thus, open to inspection by any person. Accordingly, we hold that the circuit court properly so determined.[2]

We turn now to the issue whether the mandamus was properly issued by the circuit court. We recognize that mandamus is an extraordinary remedy that lies only where there is a clear and unequivocal duty of a public official to perform the act in question. Hertz v. Times-World Corp., 259 Va. 599, 607, 528 S.E.2d 458, 462 (2000); see also Early Used Cars, Inc. v. Province, 218 Va. 605, 609, 239 S.E.2d 98, 101 (1977). In support of her position that mandamus is not the proper remedy in this case, the Clerk reasserts that the petitioners do not have a clear right to be permitted inspection of the audio tape recordings. For the reasons previously stated herein there is no merit to this assertion.

---

[2]However, to the extent that the phase "open to inspection" in the context of audio tapes needs any clarification, we hold that this phrase means that one inspects audio tapes by listening, and not merely by viewing.

7

The Clerk further reasserts that to the extent that she has a duty to permit inspection of the audio tape recordings pursuant to Code § 17.1-208, that duty is discretionary, not ministerial. This is so, she contends, because she "would be undertaking a judicial role were she to permit the tape recordings to be released, inasmuch as Rule 1:3 permits transcripts of proceedings to be released only pursuant to terms fixed by a judge." We disagree.

The release of the audio tapes is not at issue in this case. The petitioners requested permission to listen to the tapes; they did not request copies or to remove the tapes from the clerk's office. Similarly, the mandamus merely directed the Clerk to allow the petitioners, or any person, "to listen" to these tapes.

Finally, the Clerk makes the following assertion:

> In addition, § 17.1-208 prohibits persons from using the clerk's office as will interfere with the business of the office. The petitioners' request would require [her] to make the discretionary decision whether permitting a person to listen to a tape recording of a trial would interfere with her office's business. For example, if the petitioners intended to use their own tape recorder to listen to the tape, the noise and disturbance therefrom (unlike the situation where a document is being inspected) could result in such interference. And if petitioners intended to use a county tape recorder, that, too, could result in interference with the operations of the Clerk's office. Either way, [she] would be obligated to make a discretionary decision as to whether the petitioners' request would interfere with her office's business.

8

The pertinent language from Code § 17.1-208 states that: "[n]o person shall be permitted to use the clerk's office for the purpose of making copies of records in such a manner, or to such extent, as will interfere with the business of the office or with its reasonable use by the general public." As previously noted, we are not here concerned with a request to make copies. Moreover, while we agree that the Clerk certainly has the discretion to determine the manner in which a person may be permitted to listen to the audio tape recordings so that such does not interfere with the business of the office, that discretion simply does not extend to a complete denial of the right to listen to the tapes. And we are confident that the clerks of the circuit courts are entirely adept in making the necessary ministerial decisions to strike a reasonable balance between providing the public the right to listen to these audio tape recordings of felony criminal trials and avoiding any interference with the other business of their offices.

CONCLUSION

For the reasons stated above, we hold that the circuit court properly concluded that the audio tape recordings were records of the circuit court and open to inspection pursuant to Code § 17.1-208 and that mandamus was the proper remedy to direct the Clerk to permit the petitioners to listen to these

tapes.  Accordingly, we will affirm the issuance of the writ of mandamus by the circuit court.

Affirmed.