## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Grace B. Layfield

v.

Indian Acres Club
of Thornburg, Inc., et al.

February 22, 2002

Case No. CL01-378

BY JUDGE WILLIAM H. LEDBETTER

In this case, the question is whether an action is commenced and the statute of limitation tolled when a motion for judgment is received in the clerk's office accompanied by an amount of money insufficient to cover the fees.

*Facts*

The pertinent facts are stipulated.

On September 6, 1999, the plaintiff sustained injuries when she fell into a pit on premises allegedly owned or under the control of the defendants.

On September 6, 2001, plaintiff's counsel caused a motion for judgment to be delivered to the clerk's office. The pleading was received but not date-stamped or otherwise marked; however, the cover letter was date-stamped September 6, 2001, 11:07 a.m. A check for $64.00 accompanied the pleading.

In the motion for judgment, the plaintiff alleges that her injuries were caused by the negligence of the defendants. The ad damnum clause is $500,000.00. Thus, the basic filing fee would be $150.00. Virginia Code § 17.1-275(13). With writ tax and other fees, the proper total was $184.00.

The person who normally handles civil cases was not at work on September 6, 2001. When she returned on September 10, 2001, she

telephoned the plaintiff's attorney's office and advised them of the insufficient filing fee. The additional $120.00 was received in the clerk's office the next day, September 11, 2001, at which time the pleading was marked "filed 9-11-01 with sufficient funds."

Defendant Po River filed a plea of the statute of limitations. Arguments on the plea were heard on February 4, 2002, on the record and the stipulated facts.

## Applicable Legal Principles

The period of limitations for an action for personal injury is two years. Virginia Code § 8.01-243(A). The period runs from the date of injury (accrual of the right of action), § 8.01-230, to the date of commencement of the action (tolling) *Brunswick Land Corp. v. Perkinson*, 153 Va. 603 (1930). See, generally, 12A M.J., *Limitation of Actions*, §§ 36 *et seq*.

An action is commenced by filing in the clerk's office a motion for judgment. Rule 3:3(a). The rule provides:

> (a) *Commencement of Action.* – An action shall be commenced by filing in the clerk's office a motion for judgment. The action is then instituted and pending as to all parties defendant thereto. The statutory writ tax and clerk's fees shall be paid before the notice of motion for judgment is issued.

(Emphasis added.)

The Rule expressly provides that an action is commenced when the initial pleading is filed in the clerk's office. It does not say that an action is commenced when the initial pleading is filed in the clerk's office and the writ tax and fees have been paid. Obviously, if payment of the writ tax and fees were a prerequisite to commencement of the action, the Rule could have said so. Instead, the Rule specifically makes payment of the writ tax and fees a prerequisite to service of process. (Similarly, in § 8.01-331, payment of the writ tax and fees is made a prerequisite to entry of the case on the civil docket.)

Thus, an action is commenced and the statute of limitations tolled when the motion for judgment is filed in the clerk's office. What constitutes "filing"?

The dictionary definition in the context of this case is: "to deliver a legal document to the court clerk or record custodian for placement into the official record." *Black's Law Dictionary* (7th ed. 1999) p. 642.

Professor W. Hamilton Bryson states in his treatise on civil procedure that a motion for judgment is filed "when it is presented to the clerk of court to be received and marked as filed." Bryson, *Virginia Civil Procedure* (3rd ed. 1997) p. 195. Further, he declares, the clerk "is required to receive and file the first pleading when it is tendered." *Id.*, p. 195.

In *Sours v. Board for Architects*, 30 Va. App. 313 (1999), the Court of Appeals held that payment of the writ tax and fees within the statutory appeal period is not a precondition to perfecting an agency appeal to the circuit court under the Administrative Process Act. The court's analysis of the statutes and Rules is instructive.

Po River cites *Hill v. Rixey*, 67 Va. (26 Gratt.) 72 (1875), for the proposition that the clerk can properly refuse to accept a motion for judgment when the plaintiff fails to pay the appropriate tax and fees. (In fact, Po River says, the clerk probably should refuse to accept the pleading because to do so may subject him to liability for the shortage and certain statutory penalties.)

The Hill case concerns recordation of deeds, not the commencement of legal actions. Also see *Lucas v. Clafflin & Co.*, 76 Va. 269 (1882). Also, there is no evidence here that the clerk refused the plaintiff's motion for judgment. According to the clerk's letter of October 3, 2001, in the court file, it was "received for filing" on September 6, 2001. As noted above, when a motion for judgment is "received for filing," the action is commenced.

Failure to date-stamp the motion for judgment when it was initially received is not the same as refusing to accept it. The focus of inquiry must be on the day the motion for judgment was delivered to the clerk's office. What transpired thereafter is irrelevant. Thus, it is worth reiterating that the motion for judgment was received in the clerk's office on September 6, 2001, and apparently set aside for processing by the person who normally handled civil cases.

Further, for the reasons discussed above, even if the clerk had deliberately set the pleading aside until the balance of the fees were paid, the pleading nevertheless would be deemed filed when received, for the purpose of determining when the action was commenced under Rule 3:3(a).

Therefore, the court is of the opinion that this action was commenced on September 6, 2001. Consequently, Po River's plea of the statute of limitation will be denied.

Rule 1:9 allows the court to correct procedures in the clerk's office "touching the filing of pleadings." Although Rule 1:9 cannot be used to

extend statutory time limits such as a statute of limitation (Bryson, *Virginia Civil Procedure* (3rd ed. 1997), p. 40), that is not the circumstance here. As noted above, the action was commenced on September 6, 2001. Use of Rule 1:9 in this case would merely reflect that fact in the court file.

Accordingly, pursuant to Rule 1:9, the court directs that the motion for judgment be deemed filed and the action pending as of September 6, 2001, at 11:07 a.m.