## CIRCUIT COURT OF ROANOKE COUNTY

Ethel T. Burkholder,

v.

Steven A. McGraw, Clerk,
Circuit Court
of Roanoke County

December 31, 2003

Case No. CH03000393

BY JUDGE CLIFFORD R. WECKSTEIN

Ethel T. Burkholder seeks, and is entitled to, an order compelling the clerk to treat a lawsuit as duly instituted and pending on the court's docket since the date and time the clerk marked her motion for judgment "received & filed."

Ms. Burkholder and the clerk agree that these are the relevant facts.

The plaintiff, Ms. Burkholder, had retained counsel to pursue a claim for personal injuries. On January 6, 2003, the last day before her suit would have been barred by the statute of limitations of Virginia Code § 8.01-243, an employee of Ms. Burkholder's lawyers hand-delivered her motion for judgment to the office of the Clerk of the Circuit Court of Roanoke County. A deputy clerk received the pleading and stamped it "RECEIVED & FILED RECORDED 2003 JAN. 6 P.M. 2:44 STEVEN A. MCGRAW, CLERK – CIRCUIT COURT ROANOKE COUNTY, VA."[1]

Later that day, a deputy clerk noticed that the court named in the pleading's caption was the Circuit Court of the City of Salem,[2] not the County

---

[1] "Whenever a pleading in any civil action is filed in a circuit court, the clerk or his designee shall stamp or mark the date and time of filing on the face of such pleading." Virginia Code § 17.1-129. "The clerk shall note and attest the filing date on every pleading." Rule 1:4(h).

[2] "The motion [for judgment] shall contain a caption setting forth the name of the court and the title of the action, which shall include the names of all the parties." Rule 3:3(a). *Compare* Rule 1:4(d) ("Every pleading shall state the facts on which the party relies in numbered

of Roanoke, and that the accompanying check for writ taxes and filing fees was payable to the order of the Salem Circuit Court Clerk. (Both courts are in the same judicial circuit; both courthouses are in downtown Salem.) Thereupon, instead of placing the "received & filed" case on this court's docket, the clerk's office placed the motion for judgment and check in an envelope and mailed them to Ms. Burkholder's lawyers.

By statute, "pleadings shall be in accordance with Rules of the Supreme Court," subject to any special requirements adopted by the General Assembly. Code § 8.01-271. (No such requirements affect this case.)

The governing Rules are unambiguous. "An action shall be commenced by filing in the clerk's office a motion for judgment. *The action is then instituted and pending as to all parties defendant thereto.* The statutory writ tax and clerk's fees shall be paid before the notice of motion for judgment is issued." Rule 3:3(a) (emphasis added). "The clerk *shall* receive and file all pleadings without order of the court. Any controversy over whether a party who has filed a pleading has a right to file it shall be decided by the court." Rule 3:2 (emphasis added). *See also* Rule 1:9 (court may review and correct steps and procedures in the clerk's office touching the filing of pleadings.); Rule 1:16 (Although "pleadings ... and all other documents filed in any clerk's office in any proceeding pursuant to these Rules shall be produced on [certain size paper, and typed in a certain way] .... No paper shall be refused for failure to comply with the provisions of this Rule, but the clerk may require that the paper be redone in compliance with this Rule and substituted for the paper initially filed. Counsel shall certify that the substituted paper is identical in content to the paper initially filed."); Code § 58.1-1729

Mandamus, an "extraordinary writ," compels a public official to perform an act, but issues only when the official has "a clear and unequivocal duty" to do so. *Smith v. Richmond Newspapers, Inc.*, 261 Va. 113, 118, 540 S.E.2d 878 (2001); *Hertz v. Times-World Corp.*, 259 Va. 599, 607, 528 S.E.2d 428 (2000). "[I]t does not lie to compel the performance of a discretionary duty," *In re Commonwealth's Atty. for the City of Roanoke*, 265 Va. 313, 317, 576 S.E.2d 458 (2003), nor when the litigant who seeks it has another adequate remedy at law. *Hertz*, 259 Va. at 608. "A mandamus is always granted to compel the performance of some duty which has not been done," not "to undo an act already done. ... 'We grant it,' said Lord Campbell, 'when that has not been done which a statute orders to be done' ... ." *Board of Sup'rs v. Combs*, 160 Va. 487, 498, 169 S.E. 589 (1933). *Cf. Saville v. Richmond*, 162 Va. 612,

---

paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense.")

615, 174 S.E. 828 (1934) (The law "imposes upon the clerks of courts the duty to record and index the instruments enumerated in the petition. ... The proper recordation of the instruments enumerated is of vital concern to the public. . . .").

Under the governing Rules, a pleading is filed "when it is presented to the clerk of court to be received and marked as filed"; the clerk's office "is required to receive and file [it] when it is tendered." W. Hamilton Bryson, *Virginia Civil Procedure* (3d ed. 1997) at 195. "This is not a proceeding which may be varied. . .; but is a precise course accurately marked out by law, and is to be strictly pursued. ... It is a ministerial act which the law enjoins on a particular officer for a particular purpose." *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 158 (1803). *See Bowman v. Eighth Judicial Dist. Court*, 728 P.2d 433, 435 (Nev. 1986) ("The clerk has a ministerial duty to accept and file documents. She has no authority to pass upon the validity of instruments presented for filing."); *Forsyth v. Hale*, 304 S.E.2d 81, 83 (Ga. App. 1983).

("[T]he duties of the clerk relating to the filing of complaints are ministerial in nature. ... It is the official duty of the clerk of a court to file all papers in a cause presented by the parties, and to mark them filed, with the date of filing.")

As the Rhode Island Supreme Court explained in *Malinou v. McElroy*, 207 A.2d 44, 45 (R.I. 1965):

> It is generally held that unless otherwise specifically authorized by statute the duty of a clerk of court to file papers presented to him is purely ministerial which he may not refuse to perform except upon order of the court. The cited cases present a variety of situations where the clerk undertook for one reason or another to decide that the papers presented were not entitled to be filed. In each instance the court held that it was not within the province of the clerk to make such determination, ordered him to file the papers, and refrained from deciding the question raised by his answer in the mandamus proceeding."

(Citations to cases from Ohio, Florida, California, Texas, and Idaho omitted. *See Sours v. Board for Architects*, 30 Va. App. 313, 516 S.E.2d 712 (1999); *Layfield v. Indian Acres Club of Thornburg*, 58 Va. Cir. 233, 235 (Spotsylvania Co. 2002);[3] *cf. McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 101 (5th Cir. 1995); *Grubb v. J. C. Penney Co.*, 382 A.2d 405 (N.J. App. 1978).

---

[3] While circuit court opinions do not have the force of binding precedents, they can have, as Judge Ledbetter's cogent analysis does, great persuasive authority.

By showing that any new action would be barred by the statute of limitations, Ms. Burkholder has demonstrated that she has no other adequate remedy at law. Mandamus must issue in this case because, paraphrasing Lord Campbell (as quoted in *Combs,* 160 Va. at 498), the clerk has not done that which Rule 3:3(a) required him to do: treat the plaintiff's action for personal injuries as "commenced – instituted and pending as to all parties defendant thereto" as of January 6, 2003.

Mandamus is a common law writ. The plaintiff, seeking alternative remedies including mandatory injunction, commenced this proceeding on the chancery side of the court. She has nonsuited her request for declaratory judgment, the request for injunctive relief is mooted by issuance of the writ of mandamus, and it is clear that mandamus, rather than mandatory injunction, is the appropriate action in this case. *Cf. WTAR Radio-TV v. Virginia Beach,* 216 Va. 892, 894, 223 S.E.2d 895 (1976). This order will transfer the proceeding to the law side of this court pursuant to Code § 8.01-270.

The rights of the defendant named in the personal injury case, who is not a party to, and has not been notified of, this suit, are unaffected by this decision. *See McManama v. Plunk,* 250 Va. 27, 34, 458 S.E.2d 759 (1995) (quoting *Commission of Fisheries v. Hampton Roads Oyster Packers and Planters Ass'n,* 109 Va. 565, 585, 64 S.E. 1041 (1909)).

The petition for writ of mandamus is granted, the peremptory and extraordinary writ issues, and the court accordingly adjudges and orders:

That the personal injury suit described in the motion for judgment be treated by the clerk as duly instituted in this court, and pending on the docket of this court, since January 6, 2003, at 2:44 p.m.

That counsel for the plaintiff forthwith pay to the clerk the statutory writ taxes and filing fees in effect on January 6, 2003.

That upon receipt of the statutory writ tax and clerk's fees, the clerk, subject to the directions of plaintiff's counsel, issue process, to be delivered for service as the plaintiff may direct. The court adjures the parties to be cognizant of all provisions of Rule 3:3.

That this action be transferred to the law side of the court, and assigned by the clerk's office an appropriate common law docket number.

That duly certified copies of this memorandum opinion and order forthwith be transmitted to counsel for the plaintiff, James P. Cargill, and to counsel for the defendant, Joseph B. Obenshain. Pursuant to Rule 1:13, the court dispenses with endorsements.

That, nothing further remaining to be done, the cause be removed from the docket and placed among ended actions at law.