# CIRCUIT COURT OF THE CITY OF ROANOKE

Brandon R'Eal Lockett, Sr.

v.

Keith Davis, Warden,
Sussex I State Prison,
and Harold W. Clarke, Director,
Virginia Department of Corrections

December 16, 2014

Case No. CL14-750

BY JUDGE CLIFFORD R. WECKSTEIN

This matter came before the Court upon a Petition for Writ of Habeas Corpus ad Subjiciendum; upon Order of this Court requiring Respondents to respond; upon Respondents' Motion to Dismiss; and upon other pleadings submitted by the Petitioner. The record in the underlying criminal cases of Commonwealth v. Brandon R'Eal Lockett, Sr., Nos. CR10-408, CR10-410, is hereby incorporated in the record in this matter.

The petitioner, Brandon R'Eal Lockett, Sr., is detained in accordance with final judgments of this Court entered on January 20, 2012. He was convicted on pleas of *nolo contendere* of felonious child abuse and neglect (Va. Code § 18.2-371.1), and second degree felony murder (Va. Code § 18.2-33). The Court sentenced Lockett to confinement in the Department of Corrections for fifty years. (Case Nos. CR10-408, CR10-410.) His pleas were entered, and sentences were imposed, under a written plea agreement that was approved in open court. He appealed, both to the Court of Appeals and to the Supreme Court of Virginia. The Supreme Court of Virginia refused his appeal by order entered on March 26, 2013. (Record No. 121929.)

### Statute of Limitations

The Respondents assert that the Court cannot consider the merits of Lockett's petition because it was not filed within the time allowed by law. In making this argument, they mistakenly rely on a statute that is inapposite to habeas corpus cases.

When a criminal conviction has been appealed, a petition for writ of habeas corpus attacking the conviction must be filed within one year of the date of final disposition on appeal, or two years of the date of final judgment, whichever is later. Virginia Code § 8.01-654(A)(2).

The Supreme Court of Virginia denied Lockett's appeal on March 26, 2013. The record demonstrates that the Clerk of this Court received Lockett's Petition for Writ of Habeas Corpus within one year of that date. On March 24, 2014, the Clerk wrote a letter to Lockett, stating that "[w]e have received you[r] petition for Writ of Habeas Corpus." That letter continued, "[w]e must have proof of indigence from your prison accounting department before we can file your case. We are returning everything back to you."

The Clerk did not establish a file or keep a copy of what was returned to Lockett. On April 11, 2014, when the Clerk again received Lockett's petition, this time accompanied by statements showing the balance in his prison trust account, the Clerk marked the petition received and filed.

The petition, as filed, contains an affidavit *in forma pauperis* signed and sworn to on March 11, 2014. Lockett states that the affidavit was part of the original filing; it certainly appears that that was the case, and there is no indication (nor any suggestion by the Respondents) that the affidavit was not part of the filing that the Clerk returned to Lockett. The Court accordingly finds, as a matter of fact, that that affidavit was a part of the filing that the Clerk timely received and returned to Lockett on March 24, 2014.

Virginia Code § 8.01-655 sets forth requirements for the form and contents of a habeas corpus petition. Subsection (B) of that statute says that "[t]he petition will not be filed without payment of court costs unless the petitioner is entitled to proceed *in forma pauperis* and has executed the affidavit *in forma pauperis*." It also contains language to be used in the affidavit *in forma pauperis*. Lockett's affidavit is in the language mandated by Virginia Code § 8.01-655(B). He had, the Court has found, executed the affidavit *in forma pauperis*, and was entitled to proceed *in forma pauperis*.

In *Lahey v. Johnson*, 283 Va. 225, 720 S.E.2d 534 (2012), the habeas petitioner did not ask to proceed *in forma pauperis*. His lawyer sent the petition to the trial court, accompanied by a check for filing fees that was $5.00 short of the amount actually due. By the time the proper amount was received and the Clerk marked the petition filed, the filing deadline had passed. The Supreme Court of Virginia held that the habeas petition was time-barred, saying that "if a habeas petition does not qualify for filing due

to a lack of full payment under Va. Code § 8.01-655(B), then, as a matter of law, it is not 'filed' for purposes of Va. Code § 8.01-654(A)(2)." *Lahey*, 283 Va. at 231, 720 S.E.2d at 537.

In this case, the Respondents mistakenly contend, and the Clerk apparently believed, that Lockett's petition is similarly time-barred because, under Va. Code § 8.01-691, "[a] prisoner seeking *in forma pauperis* status shall provide the court with a certified copy of his inmate trust account for the preceding twelve months," which Lockett did not do. But Va. Code § 8.01-691 does not apply to habeas corpus cases.

Rather, it is a part of the Virginia Prisoner Litigation Reform Act, Va. Code §§ 8.01-689 *et seq.*, Chapter 27 of Title 8.01 of the Code. And in that Act, the General Assembly stated that:

> The provisions of this chapter shall apply to all *pro se* civil actions for money damages brought under the laws of this Commonwealth, or for injunctive, declaratory or mandamus relief, brought by prisoners incarcerated in any state or local correctional facility, or operated pursuant to the Corrections Private Management Act (§ 53.1-261 *et seq.*).

Va. Code § 8.01-690.

A petition for habeas corpus is not a civil action for money damages, or for injunctive, declaratory, or mandamus relief.

Maxims of statutory construction are tools to determine how to apply legislation in specific cases. One of these maxims is "*expressio unius est exclusio alterius*," ("the expression of one excludes all others"), that is, the mention of a specific item in a statute implies that "omitted items were not intended to be included." *Virginian-Pilot Media Cos. v. Dow Jones & Co.*, 280 Va. 464, 468-69, 698 S.E.2d 900, 902 (2010); *Rives v. Commonwealth*, 284 Va. 1, 3-4 (2012); *see also Zinone v. Lee's Crossing Homeowners Ass'n*, 282 Va. 330, 337, 714 S.E.2d 922, 925 (2011) (Court "presume[s] that the legislature chose, with care, the words it use[s]" when it enacts a statute and that, "when the General Assembly has used specific language in one instance, but omits that language or uses different language when addressing a similar subject elsewhere in the Code, we must presume that the difference in the choice of language was intentional") (citations omitted).

Habeas corpus cases are not within the scope of the Prisoner Litigation Reform Act; the petition that Lockett sent the Clerk should not have been returned to him. It should have been marked "filed." Since there is no question that it was received in time, Lockett is entitled to have it treated as timely filed. *Cf. Burkholder v. McGraw*, 63 Va. Cir. 537 (Roanoke County 2003). The Respondents' plea of the statute of limitations is overruled.

The Court addresses the merits of Lockett's habeas petition in a separate order. The Clerk shall send certified copies of this order to the Petitioner and to Assistant Attorney General John W. Blanton. And the cause is continued.