# Richmond.

## J. H. FRANTZ v. LAWRENCE S. DAVIS.

### March 18, 1926.

1. PUBLIC OFFICERS—*Definition of Vacancy—Vacancy has no Technical Meaning.*—The word "vacancy" as applied to an office has no technical meaning. An office is vacant or not according to whether it is occupied by one who has a legal right to hold it and to exercise the powers and perform the duties pertaining thereto. A vacant office is one without an incumbent. Vacancy in office is one thing and term is another. An office may be vacant and filled many times during a term of four years.

2. PUBLIC OFFICERS—*Contested Election—Decision that there was No Election—Whether the Office may be Filled as Though there was a Vacancy where the Incumbent is Holding Over by Virtue of Section Thirty-three of the Constitution of 1902.*—Section 267 of the Code of 1919 provides that where it is determined that there "has been no valid election of any person, the proceeding shall be in conformity with section 136 of the Code of 1919." When the General Assembly provided that the proceeding should be in accordance with section 136 of the Code of 1919, the legal effect of the provision was to declare that upon the conclusion of a contested election case by the decision that the election was invalid, the office should be filled as if there were a vacancy, and that it must be filled just as if there was no incumbent of the office holding over, by virtue of section thirty-three of the Constitution notwithstanding section 136, in terms, only relates to vacancies.

3. MUNICIPAL CORPORATIONS—*Election of Officers—Election held Invalid—How Office Filled—Case at Bar.*—In the instant case the election for treasurer of a city was declared invalid. Proceeding under section 136 of the Code of 1919 and the charter of the city, the councilmen elected the petitioner treasurer of the city. Respondent was the incumbent at the time of the holding of the invalid election, and claimed that he was entitled to hold over under section thirty-three of the Constitution of 1902, notwithstanding the expiration of the term for which he was elected. Under section 267 of the Code of 1919, where such an election as that in the instant case is set aside, the statute has, in effect, declared that a vacancy exists, which must be filled like other vacancies, that is, in accordance with section

136 of the Code of 1919. That section provides for filling vacancies by the judge of the circuit or corporation court, as the case may be, and also, by irresistible inference, if such vacancy occurs in the office of a city or town and the charter provides for filling it by the city council, then it may be so filled. Under the charter of the city in question, the city council was within its right when it appointed petitioner to succeed respondent as treasurer.

4. MUNICIPAL CORPORATIONS—*Appointment by Council where Election held Invalid—Length of Term Under the Appointment—Case at Bar.*—In the instant case the election for treasurer of a city was declared invalid and, in accordance with a provision of the city charter, petitioner was appointed treasurer by the city council. Section 136 of the Code of 1919 provides that such appointments thereunder shall continue for the unexpired term of such office, whereas the city charter provided that if the unexpired term of office is greater than two years after the next regular municipal election of councilmen following such vacancy, and there is time to permit it, his successor should be elected by the people to succeed the appointee and should serve the then unexpired term.

*Held:* That as the charter provides for the filling of vacancies, its provisions control as to the term of office; and that the voters have the right to elect petitioner's successor at the next regular municipal election for the election of councilmen.

5. PUBLIC OFFICERS—*Power of Legislature to Declare when Office shall be Deemed Vacant.*—The General Assembly has ample power to declare when an office shall be deemed vacant, and also the results of contested elections. Such being the express provision of section fifty-six of the Constitution of 1902.

Original application for a mandamus.

*Mandamus awarded.*

*Martin & Wingfield* and *Jackson & Henson,* for the petitioner.

*Aubrey G. Weaver, Thomas W. Harrison* and *Willis, Adams & Hunter* for the respondent.

PRENTIS, P., delivered the opinion of the court.

At the regular election held in November, 1925, the petitioner, Frantz, was elected treasurer of the

city of Roanoke. His election was contested and adjudged null and void by the Corporation Court of the city of Roanoke, December 15, 1925, upon the ground that, in violation of the pure elections statute, Frantz, while a candidate for the office, promised to return to the city of Roanoke, or some department thereof, all the fees and emoluments of the office in excess of $7,500 per year. In making its order the court was proceeding under Code, section 267, relating to contested elections, the last clause of which reads thus: "If, however, the court shall be of the opinion that there has been no valid election of any person, the proceedings shall be in conformity with section one hundred and thirty-six."

Code, section 136, provides how vacancies in county, city, town and district offices are to be filled. Proceeding under this section and section 39 of the charter of the city of Roanoke, the council, acting under the advice of the city attorney, unanimously elected Frantz treasurer of the city of Roanoke for the period beginning January 1, 1926, and ending as provided by section 39 of the charter of the city. That section reads thus:

"Vacancies in the office of city treasurer or Commissioner of the revenue, or the constable or issuing justices.—In case of any vacancy in the office of the city treasurer, commissioner of the revenue, or the constable or issuing justice, the council shall select a qualified person to fill the office in which such vacancy occurs for the unexpired term; provided that if the term of office so filled does not expire for two years or more after the regular municipal election for the election of councilmen following such vacancy, and such vacancy occurs in time to permit it, a city treasurer, commissioner of revenue, high constable, or issuing

justice, as the case may be, shall then be elected and shall, from and after the date of his qualification, succeed such appointee and serve the unexpired term."

If this charter provision applies, it is clear that Frantz was selected by the council to fill the office until the next regular municipal election of councilmen, because the regular four year term of office would not expire for two years or more after such next regular election which will occur in June, 1926.

Lawrence S. Davis, respondent, had been elected treasurer in November, 1921, was not a candidate in 1925, and if the November, 1925, election had not been annulled, he would have been succeeded January 1, 1926, by Frantz. That election, however, having been set aside, he was cautioned by his sureties not to give up the office unless legally required to do so, and advised by the Attorney General that it was his duty to retain and execute the duties of the office, and that under the circumstances recited the city council had no right to appoint his successor. Acting under this advice, he refused to surrender the office to Frantz, who had been so appointed by the council, and had regularly qualified under such appointment by giving the necessary bond with approved surety, etc. Then Frantz filed his petition for a mandamus to require Davis to surrender the office, together with all records, books, etc., appertaining thereto, claiming that by virtue of the appointment of the council and his qualification, he is entitled to be inducted into the office. On the other hand, Davis claims that there is no vacancy in the office, and that by virtue of Constitution, section 33, he is entitled to hold it. That section provides that "all officers elected or appointed shall continue to discharge the duties of their offices after their terms of service have expired, until their

successors have qualified;" and the issue thus indicated is raised by demurrer and answer to the petition.

So that we must determine the true construction of the constitutional provision and statutes upon which each bases his claim to the office.

[1] For Davis, the respondent, it is earnestly contended that the case of *Chadduck* v. *Burke*, 103 Va. 694, 49 S. E. 976, is decisive, because in that case it was held that the incumbent of the office there involved, superintendent of the poor of Culpeper county, held over, notwithstanding the expiration of his term of office, and that no vacancy existed therein. That case is very clear authority for the general rule that the word "vacancy" as applied to an office has no technical meaning; that an office is vacant or not according to whether it is occupied by one who has a legal right to hold it and to exercise the powers and perform the duties pertaining thereto, and this is there said: "A vacant office is one without an incumbent. Vacancy in office is one thing and term is another. An office may be vacant and filled many times during a term of four years; but it cannot become vacant at the end of a term where the incumbent is authorized to hold over, for the instant the successor is duly appointed and has qualified he becomes entitled to the office, and there has been no *hiatus* at all. So long, therefore, as an office is supplied with an incumbent, in the manner provided by the Constitution or law, who is legally qualified to exercise the powers and perform the duties which appertain to it, the office is not vacant."

This construction has been quite generally approved. Dillon on Municipal Corporations (5th ed.), sec. 414; Throop on Public Officers, sec. 312, p. 315; Mechem

on Public Officers and Offices, sec. 129; 29 Cyc. 1399; 22 R. C. L. 438; McCreary on Elections (4th ed.), sec. 349. It is unnecessary to review the cases.

Upon this the respondent, Davis, bases his claim to hold the office, notwithstanding the expiration of the term for which he was elected. If this were all, our task would be simple, and we should be bound to hold that Davis is entitled to the office. This case, however, requires the construction of different statutes from those which were construed in *Chadduck* v. *Burke*, *supra.*

[2] Here there was a contested election and at the very foundation of the question is Code, section 267, dealing with contested elections, which undertakes to provide for contingencies precisely like this—that is, where it has been adjudged that there has been no valid election of any person at the regular election. There is in that section no suggestion that the incumbent of the office whose term has expired is to hold over. On the contrary, there is in the language used the very clear indication that he is not to hold over for it is expressly provided that where it is determined that there "has been no valid election of any person, the proceeding shall be in conformity with section 136." Now section 136 does not, it is true, in terms refer to contested elections, but when an election is contested and annulled it is so clearly linked up with section 267, which specifically relates to contested election cases terminated as this was, that it is just as if there were but one section; just as if these two sections were combined. Therefore, section 136, so far as it is here applicable, that is, to elections which are contested and set aside, must be construed and its effect must be determined.

It may be conceded that section 136, in terms, only

relates to vacancies, and if so limited that it cannot be applied to this controversy, because there is no vacancy in this office. It cannot, however, be so limited, for we must determine what the General Assembly intended by providing in section 267 that in case there has been no valid election there shall be further action, or proceeding, which shall conform to section 136.

If the contention for Davis be correct, and it can only be applied in case there is a vacancy in the office caused by death, resignation, or removal of an incumbent, the provision is without legal effect. If such be the true construction, then this clause of section 267 is entirely superfluous and ineffective, for section 136, without any aid from section 267, amply provides for filling such fortuitous vacancies. It must be true, therefore, that in referring to and providing for just such a contingency as here appears, an invalid election, when the General Assembly provided that the proceeding should be in accordance with section 136, the legal effect of the provision is to declare that upon such a conclusion of a contested election case the office shall be filled as if there were a vacancy, and that it must be filled just as if there were no incumbent of the office holding over.

That the question is close and difficult, because of the Constitution and statutes referred to, cannot be denied; but if we hold with the respondent, Davis, it would follow that his term of office is extended for four years, for we find no provision for the election of his successor except in the general election laws. Such a construction should not prevail unless there is no other fair construction to be placed upon these statutes.

[3] The preferable alternative and fair construction which may be applied is to hold that where such an election as this was, is set aside, the statute has, in

effect, declared that a vacancy exists, which must be filled like other vacancies, that is, in accordance with section 136. That section provides for filling .vacancies by the judge of the circuit or corporation court, as the case may be, and also, by irresistible inference, if such vacancy occurs in the office of a city or town and the charter provides for filling it by the city council, then it may be so filled.

Reverting then to section 39 of the Roanoke charter, heretofore quoted, we find the provision which applies. This leads to the conclusion that the city council was within its rights when it appointed Frantz to succeed Davis as treasurer.

[4] The next inquiry is as to how long his term under such appointment lasts. As to this we are confronted with another difficulty, because section 136 provides that such appointments thereunder shall continue for the unexpired term of such office, whereas the Roanoke charter provides that if the unexpired term of office is greater than two years after the next regular municipal election of councilmen following such vacancy, and there is time to permit it, his successor shall then be elected (by the people) to succeed the appointee and he shall serve the then unexpired term.

Our conclusion as to this confusion is that as the charter provides for the filling of vacancies, its provisions control as to the term of office, and that while Frantz is the duly appointed treasurer of the city of Roanoke, nevertheless the voters of the city of Roanoke have the right to elect his successor at the next regular municipal election for the election of councilmen.

[5] There can be no doubt, we assume, that the General Assembly has ample power to declare when the office shall be deemed vacant, and for all the results of contested elections, because Constitution,

section 56, expressly so provides in this language: "The manner of conducting and making returns of elections, of determining contested elections, and of filling vacancies in office, in cases not specially provided for by this Constitution, shall be prescribed by law, and the General Assembly may declare the cases in which any office shall be deemed vacant where no provision is made for that purpose in this Constitution."

Our conclusion, then, is to award the peremptory writ of mandamus, as prayed for, in accordance with the conclusions we have indicated.

*Mandamus awarded.*

BURKS, J., dissenting:

I regret my inability to concur in the opinion of the majority of the court. I think the case is controlled by the principles announced in *Chadduck* v. *Burke*, 103 Va. 694, 49 S. E. 976. What are now sections 136 and 267 of the Code have not been changed in any way since that decision. That case is right in principle and abundantly supported by authority. In addition to authorities cited in that case, see Dillon Mun. Corp. (5th ed.), sec. 414; Throop Pub. Officers, sec. 312; Mechem Pub. Officers, sec. 129; 29 Cyc. 1399; Note 50 L. R. A. (N. S.) 368; *State* v. *Harrison*, 113 Ind. 434, 16 N. E. 384, 3 Am. St. Rep. 663; *Chenoweth* v. *Acton*, 31 Mont. 37, 77 Pac. 299; *Conger* v. *Roy*, 151 Tenn. 30, 267 S. W. 122; *Ex parte Ellison*, 20 Gratt. (61 Va.) 10.

Furthermore, the only authority conferred on the city council of Roanoke to fill a vacancy in the office of city treasurer is contained in section 39 of the city charter, which provides that, in case of a vacancy in

the office of city treasurer, "the council shall select a qualified person to fill the office * * for the unexpired term." The *unexpired* term clearly refers to a term some portion of which has expired when the vacancy is filled. The vacancy is one occurring during the term by reason of death, removal, resignation or some similar cause. There is no other vacancy to be filled. The incumbent holds until his successor has been "elected and qualified." There is no *hiatus.* The council has no power to appoint for a full term where there has been no valid election. Section 18 of charter, and section 33, Constitution of Virginia.