# Richmond

## CITY OF LYNCHBURG, A MUNICIPAL CORPORATION, ET AL. v. JOHN L. SUTTENFIELD.

February 24, 1941.

· Record No. 2384.

Present, Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

*T. G. Hobbs* and *Robert D. Morrison,* for the plaintiffs in error.

*Thomas J. Williams,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

In August, 1940, John L. Suttenfield was re-elected to the office of councilman for the city of Lynchburg for a term of four years beginning the following September 1, and duly qualified as such. He receives from the city an annual salary of $500, payable in equal monthly instalments.

Since May, 1938, Suttenfield has held a commission as First Lieutenant-Chaplain in the 246th Coast Artillery Regiment (Harbor Defense) of the National Guard of Virginia, a unit of the National Guard of the United States.

Under authority of the joint resolution of Congress, approved August 27, 1940 (Resolution No. 96, S. J. Res. 286, ch. 689, Acts of the 76th Congress, 3rd Session, 50 U. S. C. A., Appendix, §401), the President of the United States, on August 31, 1940, ordered certain units and members of the National Guard of the United States into active military service of the United States "for a period of twelve consecutive months, unless sooner relieved," commencing September 16, 1940. Included in this call was the unit of the Virginia National Guard in which Suttenfield holds his commission. In conformity with this order, the Governor of Virginia, acting by the

Adjutant General, ordered all units of the 246th Coast Artillery (Harbor Defense) of the Virginia National Guard into active military service of the United States, effective on September 16, 1940. On that date Suttenfield reported for duty and was duly inducted into the active military service of the United States. He is now with his unit at Fort Story, Virginia, and is receiving from the United States the salary appropriate to his military office.

On September 20, 1940, at a meeting of the council of the city of Lynchburg, there was presented an opinion from the city attorney to the effect that when Suttenfield was inducted into the active military service of the United States, his position as city councilman was *ipso facto* vacated under the provisions of section 290 of the Code of Virginia. Whereupon, by a majority vote, the council, over the protest of Suttenfield, adopted a resolution declaring his office as councilman vacated.

Shortly thereafter Suttenfield filed in the court below a petition against the city of Lynchburg, its mayor and remaining councilmen, praying for a declaratory judgment determining whether or not his office as councilman was vacated by his induction into the military service of the United States under the circumstances stated. The petitioner alleged that the provisions of Code, §290, were not applicable to his situation, but that even if they were, he came within the exceptions to that section which are found in Code, §291, as amended.

After answers had been filed to the petition the matter was heard under an agreed statement of facts by the court below, which in a written opinion upheld Suttenfield's contention that he came within the provisions of Code, §291, as amended, and had, therefore, not forfeited his office as councilman. To a declaratory judgment carrying into effect this ruling, the city of Lynchburg and certain of the other defendants below sought and obtained this writ of error.

Code, §290, provides: "No person shall be capable

of holding any office or post mentioned in the preceding section, who holds any office or post of profit, trust, or emolument, civil or military, legislative, executive, or judicial, under the government of the United States, or who is in the employment of such government, or who receives from it in any way any emolument whatever; and the acceptance of any such office, post, trust, or emolument, or the acceptance of any emolument whatever under such government, shall, *ipso facto,* vacate any office, or post of profit, trust or emolument under the government of this Commonwealth or under any county, city, or town thereof.''

''The preceding section'' referred to disqualifies persons for being concerned in a duel ''to hold any office of honor, profit, or trust, under the Constitution of Virginia.''

Code, §291 (as amended by Acts 1918, ch. 315, p. 488; Acts 1920, ch. 98, p. 81; Acts 1924, ch. 433, p. 656; Acts 1928, ch. 440, p. 1125; Acts 1930, ch. 22, p. 22; Acts 1932, ch. 53, p. 48; Acts 1936, ch. 18, p. 33; Acts 1938, ch. 157, p. 217), provides that ''The preceding section shall not be construed * * * to exclude from such office or post officers or soldiers on account of the recompense they may receive from the United States when called out in actual duty; * * * .''

The question before us is, Does the defendant in error come within this provision of Code, §291? Is he an ''officer'' who has been ''called out in actual duty'' as there intended? If so, he is clearly entitled to retain his present office.

As stated in their brief, ''Appellants' contention is that so long as Mr. Suttenfield remained a member of the Virginia National Guard, and as such National Guard officer, was called into active duty or active service, though he received recompense from the United States therefor, his City office was not vacated, but when he was inducted into the active military service of the United States under the order of the President issued

pursuant to resolution of Congress, he lost his standing as a member of the Virginia National Guard and, upon his induction, became an active member of the United States Army, and thus does not fall within the exception of Section 291, and his City office was *ipso facto* vacated by the provisions of Section 290.''

In other words, the plaintiffs in error contend that the provision in section 291 is to prevent the forfeiture of office by an officer or member of the National Guard who receives emolument from the Federal Government when he is ''called out in actual duty'' for weekly drills and annual maneuvers, and is not designed to apply to the present situation where an officer has been inducted into the active military service of the United States.

■ Neither in the history of the section nor in the language used do we find any basis for this narrow interpretation.

Code, §§290 and 291, have their origin in the Act of 1788, ch. 33, p. 694 (passed December 8, 1788). After a recital of the ratification by the ''good people of this commonwealth,'' on June 25, 1788, of ''a constitution for the government of the United States of America,'' and the further recital that, ''it is adjudged expedient and necessary, that all those who shall be employed in the administration of the said government, ought to be disqualified from holding or administering any office, or place whatsoever, under the government of this commonwealth,'' it is enacted ''That the members of the congress of the United States, and all persons who shall hold any legislative, executive, or judicial office, or other lucrative office whatsoever, under the authority of the United States, shall be ineligible to, and incapable of holding any seat in either house of the General Assembly, or any legislative, executive, or judicial office, or other lucrative office whatsoever, under the government of this commonwealth; *Provided nevertheless,* that such disqualification shall not extend to militia officers, or the magistrates of county courts.''

In the Code of 1819, Vol. I, ch. 27, p. 71, after a similar preamble, the provision is as follows:

"That no person holding or accepting any office or place, or any commission or appointment whatsoever, legislative, executive, or judicial, civil or military, under the authority of the United States, whether any pay or emolument be attached to such office, place, commission, or appointment, or otherwise, or accepting or receiving any emolument whatsoever from the United States, shall be capable of holding any office, legislative, executive, or judicial, or any other office, place, or appointment of trust or profit, under the government of this Commonwealth: Provided, that nothing herein contained shall be so construed as to prevent Members of Congress from sitting as county-court magistrates, or from holding offices in the militia, * * * ; or, *so as to create any exclusion whatsoever, of militia officers or soldiers, on account of the recompense they may receive from the United States, when called out into actual duty.*" (Italics supplied.)

Without material change the italicized words were carried into the Code of 1849, Title 5, §3, p. 84; the Code of 1887, §164, and the Code of 1919, §291.

By an amendment to the section found in Acts 1918, ch. 315, p. 488, the language was brought to its present form by the omission of the word "militia".

Since the Code of 1919 became effective on January 13, 1920 (Code, §6567), the 1918 amendment prevails. Code, §6568; *Southern Railway Co.* v. *Russell,* 133 Va. 292, 297, 112 S. E. 700.

It is interesting to note that while none of the other amendments to Code, §291, affects the particular provision with which we are now concerned, each has extended the exclusions of that section from the disqualifications of section 290.

Article I, §8, of the Constitution of the United States empowers Congress:

"15. To provide for calling forth the Militia to exe-

cute the Laws of the Union, suppress Insurrections and repel Invasions;

"16. To provide for organizing, arming, and disciplining, the Militia, and for governing such Part of them as may be employed in the Service of the United States, * * * ."

Article II, §2, provides that "The President shall be Commander in Chief of the Army and Navy of the United States, and of the Militia of the several States, when called into the actual Service of the United States; * * * ."

It will be observed that the language used in Code, §291, as amended, "called out in actual duty," follows closely the language of Article II, §2, *supra*, "called into the actual service."

█ Clearly the defendant in error is an officer who has been "called out in actual duty." The effect of the omission of the word "militia" by the 1918 amendment was, of course, to broaden the scope of the section. If the provision applied to an officer of the militia or National Guard before the 1918 amendment, it likewise applies now.

There is nothing in the language used to suggest that the "actual duty" referred to applies only when an officer of the National Guard is in the service of the United States while attending weekly drills or annual maneuvers, as is contended by the plaintiffs in error.

█ On the contrary, we think the provision applies to any "actual duty" in the service of the United States to which "officers and soldiers" of the National Guard may be "called out" under the Acts of Congress, passed pursuant to the authority granted it in the Federal Constitution.

█ Reading sections 290 and 291 together, the manifest purpose of the General Assembly is to disqualify as office holders members of the regular Army of the United States who are permanently in the service without being "called," and to except from such disqualifi-

cation "officers and soldiers" of the State Militia or National Guard who may be called into the service of the United States for a temporary period, even though it may be for as long as "twelve consecutive months," as is the case here.

That the service of members of the National Guard in the Army of the United States is regarded as temporary is clearly shown by the Federal and State statutes.

Section 81, Title 32, U. S. C. A., provides *inter alia* that "Upon being relieved from active duty in the military service of the United States all individuals and units shall thereupon revert to their National Guard status." (As amended June 15, 1933, ch. 87, §18, 48 Stat. 160; June 19, 1935, ch. 277, §7, 49 Stat. 392.)

Michie's Code of 1936, §2673(28), (Acts 1930, ch. 446, p. 955) provides that "When drafted into the military service of the United States and thereafter discharged from the army, all persons so drafted and discharged shall resume their membership in the national guard, * * * "

Much is said in the briefs as to the status of a member of the National Guard when he has been called into active military service and has been inducted into the Army of the United States. The plaintiffs in error claim that upon such induction an officer or enlisted man loses his status as a member of the National Guard and becomes an active member of the United States Army.

Whether this be true or not we need not discuss or decide, for however the military authorities of the United States may regard his status while in active service in the army, that officer or enlisted man has been "called out in actual duty" of the United States within the meaning of Code, §291, as amended, and is entitled to the benefit of its provisions.

■ ■ The final argument is made that the administration of the public affairs of the city of Lynchburg will suffer and, indeed, may be brought to a standstill if the defendant in error is still entitled to hold his of-

fice. The reply is that the solution of this difficulty is for the General Assembly and not for the courts. It is our duty to interpret the statute as written and when this is done our responsibility ceases.

We find no error in the judgment complained of, and it is

*Affirmed.*