In Re: Joseph D. Morrissey,                                    Petitioner

Record No. 931012

On July 28, 1993, came the parties, by counsel, upon the petition for a Writ of Mandamus and a Writ of Prohibition filed by Joseph D. Morrissey, upon the motion to dismiss of the respondents, a majority of the judges of the Circuit Court of the City of Richmond, and upon argument of counsel.

Upon consideration whereof, the Court is of opinion that the said Writ of Mandamus should issue and that the order of the Circuit court of the City of Richmond dated June 21, 1993, be reversed.

The said circuit court order, applying Code § 19.2-155, found that "the circumstances and limitations currently involving Joseph D. Morrissey render him unable to attend to his official duties as Commonwealth's Attorney for the City of Richmond" and appointed an attorney-at-law "to act in place of, and otherwise perform the duties and exercise the powers of the Commonwealth's Attorney for the City of Richmond."

Code § 19.2-155 provides, in part, that if the attorney for the Commonwealth of any city or county "is unable to act, or to attend to his official duties as attorney for the Commonwealth, due to sickness, disability or other reason of a temporary nature, then upon notification by such attorney for the Commonwealth, or upon the certificate of his attending physician, or the clerk of the court, which fact shall be entered of record, the judge of the circuit court shall appoint an attorney-at-law" to act in the place of such disqualified or disabled attorney for the Commonwealth.

The foregoing statute is not applicable under the facts and circumstances of this case. Under the rule of *ejusdem generis*, when a particular class of things is enumerated in a statute and general

words follow, "the general words are to be restricted in their meaning to a sense analogous to the less general, particular words." *Martin* v. *Commonwealth*, 224 Va. 298, 301, 295 S.E.2d 890, 892 (1982). Thus, the general statutory language, "or other reason of a temporary nature," must be restricted in its meaning to conditions analogous to "sickness" or "disability." According to the record, the reasons alleged for Morrissey's so-called "inability to act" have nothing to do with conditions of sickness, or physical or mental disability.

Accordingly, and because it is settled in Virginia that mandamus is a proper remedy for reinstating a public officeholder wrongly deprived of his office, *Giles County Board of Supervisors* v. *Carr*, 222 Va. 379, 381, 282 S.E.2d 14, 15 (1981); *Dew* v. *Judges of Sweet Springs*, 13 Va. (3 Hen. & M.) 1 (1808), it is ordered that a peremptory Writ of Mandamus do forthwith issue directed to the Circuit Court of the City of Richmond requiring that the court's said order of June 21, 1993, be annulled.

Upon further consideration whereof, the petition for a Writ of Prohibition is denied for the reason that prohibition does not lie under the facts and circumstances of this case.

It is further ordered that the mailing of an attested copy of this order to counsel for the respondents shall have the same force and effect as service of a peremptory Writ of Mandamus.

It is further ordered that a copy of this order shall be printed in the Virginia Reports.

JUSTICE WHITING, concurring in the result.

I concur in the result. However, mandamus would not lie unless it clearly appeared that the public officer was wrongfully deprived of his office. In *Dew* v. *Judges of Sweet Springs*, 13 Va. (3 Hen. & M.) 1, 37 (1808), we recognized that mandamus might not lie if the issue was doubtful and the officeholder had another remedy (an appeal in Morrissey's case). Under the facts and circumstances of this case, Code § 19.2-155 clearly did not authorize Morrissey's temporary deprivation of office. Hence, I agree with the majority's conclusion.

Unlike the majority, however, I would not limit the application of Code § 19.2-155 to those instances in which the Commonwealth's Attorney is unable to act due to "sickness" or "disability." In my opinion, the additional language in Code § 19.2-155 concerning the

Commonwealth's Attorney's disability for "other reasons of a temporary nature" covers situations in which that official is unable to be physically present to perform his official duties.

Although Code § 19.2-156 provides for the appointment of an acting Commonwealth's Attorney during any prolonged absences of the Commonwealth's Attorney, I think that the General Assembly also intended in Code § 19.2-155 to give the Circuit Court the power to appoint an acting Commonwealth's Attorney when the Commonwealth's Attorney's absence may not be prolonged and a temporary Commonwealth's Attorney is required. For example, if the Commonwealth's Attorney in a small county is the only lawyer in the office and is required to be away from the county for a short period of time, I believe that Code § 19.2-155 authorizes the appointment of an acting Commonwealth's Attorney.

A Copy,

Teste: