Present:   All the Justices

IN RE:  GORDON E. HANNETT,
COMMONWEALTH'S ATTORNEY
FOR THE COUNTY OF FLOYD

Record No. 050985

OPINION BY CHIEF JUSTICE LEROY R. HASSELL, SR.
September 16, 2005

UPON A PETITION FOR A WRIT OF MANDAMUS AND/OR PROHIBITION

In this proceeding, which invokes this Court's original jurisdiction, the primary issue that we consider is whether a circuit court has the authority, pursuant to Code § 19.2-156, to appoint an attorney-at-law to serve as acting attorney for the Commonwealth because of the prolonged absence of the duly elected Commonwealth's Attorney.

I.

Gordon E. Hannett is the duly elected Commonwealth's Attorney for the County of Floyd.  His term of office will expire on December 31, 2007.  Hannett is also a member of the United States Army Reserves.  In February 2005, Hannett informed the Honorable Ray W. Grubbs, judge of the Circuit Court of Floyd County, that Hannett had been activated for military service in Iraq.  Hannett's unit was scheduled to be mobilized into active service on May 8, 2005.  Hannett informed Judge Grubbs that Hannett would deploy with his unit in Iraq unless the United States Army granted him a waiver.

Subsequently, in support of Hannett's request for a waiver, Judge Grubbs forwarded a letter to the United States Army. Judge Grubbs stated in the letter:

> "As Judge of the Circuit Court in Floyd County, Virginia, I am confronted with a perplexing situation with the call-up of Gordon E. Hannett, the Commonwealth's Attorney for said County.
> "Mr. Hannett is the sole attorney in that office, which is the chief law enforcement office for the county.
> "He prosecutes cases on behalf of the Commonwealth and Floyd County in three (3) separate courts, Circuit Court, General District and Juvenile and Domestic Relations. In all, Mr. Hannett represented the state and county in many of the cases as shown [on an attachment to this letter]. Obviously, his services are vital for the welfare of the Floyd County community.
> "Please consider our precarious situation in evaluating Mr. Hannett's call-up.
>
> . . . .
>
> "Sincerely yours,
>
> "Ray W. Grubbs"

The United States Army denied Hannett's request for a waiver.

In April 2005, Hannett informed Judge Grubbs that Hannett planned to seek approval from the State Compensation Board to fund a part-time temporary position of assistant Commonwealth's Attorney. Hannett intended to perform the duties of the office of Commonwealth's Attorney while deployed in Iraq with the assistance of the temporary part-time assistant Commonwealth's Attorney. The Compensation Board authorized funding for the part-time temporary position.

2

Hannett and Judge Grubbs met on April 29, 2005, and Hannett told Judge Grubbs that the Compensation Board had approved funding for the part-time temporary assistant Commonwealth's Attorney position.  Judge Grubbs suggested that Hannett hire an attorney who practiced law in Floyd County to serve as the temporary assistant Commonwealth's Attorney.

Judge Grubbs and Hannett met again on May 3, 2005. During this meeting, Judge Grubbs provided Hannett with the names of three attorneys in Floyd County who would be willing to serve in the temporary position.  According to Hannett, Judge Grubbs stated during the meeting that if Hannett failed to hire one of these attorneys, Judge Grubbs would appoint one of them to serve as the Commonwealth's Attorney during the period of Hannett's deployment.  Later that day, Hannett informed Judge Grubbs that Hannett did not intend to resign from the office of Commonwealth's Attorney and, therefore, Hannett did not believe that the circuit court had the authority to appoint someone who would act during his deployment.

Judge Grubbs and Hannett conversed by telephone on May 5, 2005.  During the conversation, Judge Grubbs asked Hannett which of the three lawyers Hannett intended to hire to fill the temporary position.  Hannett informed Judge Grubbs that Hannett had not made a decision.  Judge Grubbs responded that

he was compelled to appoint a lawyer who would serve as the temporary Commonwealth's Attorney. Later that afternoon, Hannett hired Dennis E. Nagle, a lawyer who has practiced in the City of Roanoke and Montgomery County and who is a member in good standing of the Virginia State Bar, as a temporary assistant Commonwealth's Attorney for the County of Floyd. Nagle executed the required oath of office.

On May 5, 2005, about 5:25 p.m., Judge Grubbs, without notice to Hannett, convened the Circuit Court of Floyd County. Below is a transcript of that proceeding:

> "This is the matter of the interim appointment of acting Commonwealth's Attorney, pursuant to section 19.2-156 of the 1950 Code of Virginia. The Court, on its own motion, is making an appointment for the interim Commonwealth's Attorney, and the reasons therefore are as follows: The Court has been advised by Mr. Hannett that he has been called to active duty in the Armed Forces of the United States for a period of eighteen months. That service is to be performed in Indiana for approximately three months, followed by deployment to Iraq. Consequently, Mr. Hannett will be outside the boundaries of the Commonwealth during the eighteen month period. In said office there is no chief deputy, and there is no other attorney employee. To fully perform the functions of the Commonwealth's Attorney's office in this county, as has traditionally been accomplished, it is required and necessary that a resident attorney be appointed for this interim period. The Court on its own motion is appointing Stephanie Murray-Shortt to be the acting Commonwealth's Attorney during the absence of Mr. Hannett, commencing at midnight May 8th, 2005, and terminating upon the return of Mr. Hannett to this office. An Order to that effect is entered this date, with copies to be served as directed in the Order."

4

Judge Grubbs entered the following order that is the subject of this proceeding:

"This day came the Court on its motion, for the reasons stated of record, pursuant to the call to active duty in the Armed Forces of the United States of The Honorable Gordon E. Hannett, Attorney for Commonwealth in Floyd County, Virginia, said deployment commencing on 8 May, 2005, for an extended period of eighteen (18) months.

"It appearing to the Court, pursuant to § 19.2-156 of the 1950 Code of Virginia, the prolonged absence requires the appointment of an attorney-at-law as acting attorney for the Commonwealth to serve for such length of time as may be necessary. Such acting attorney-at-law shall serve in the place of and otherwise perform the duties and exercise the powers of such regular attorney for the Commonwealth and while so acting, shall receive the salary and allowance for expenses fixed by the State Compensation Board.

"It is, therefore, ORDERED that Stephanie Murray-Shortt be, and she hereby is, appointed by this Court to serve in the place of The Honorable Gordon E. Hannett for such period of time as may be necessary, commencing at midnight May 8, 2005, and terminating upon the return of The Honorable Gordon E. Hannett.

"The Clerk is directed to serve certified copies of this order to The Honorable Gordon E. Hannett, Commonwealth's Attorney, Stephanie Murray-Shortt, and mail a certified copy to Bruce W. Haynes, Executive Director, State Compensation Board, P. O. Box 710, Richmond, Virginia, 23218-0710. Further, the Clerk is also directed to mail certified copies of this Order to the Judges of the Twenty-Seventh Judicial Circuit and to The Honorable Edward Turner, Judge of the General District Court of Floyd County, and The Honorable James Tompkins, Judge of the Juvenile and Domestic Relations District Court of Floyd County.

"ENTER: May 5, 2005

"Ray W. Grubbs, Chief Judge"

The remaining judges of the 27th Judicial Circuit concurred with Judge Grubbs' decision to appoint a temporary attorney for the Commonwealth under Code § 19.2-156.

Subsequently, Hannett filed a "petition for writ of mandamus, or prohibition (or both)" in this Court.  Hannett requests, among other things, that this Court enter an order that allows him to perform the duties of Commonwealth's Attorney for Floyd County while he is deployed on active duty with the United States Army.

II.

A.

Code § 19.2-156 states:

> "If it shall be necessary for the attorney for the Commonwealth of any county or city to absent himself for a prolonged period of time from the performance of the duties of his office, then, upon notification by such attorney for the Commonwealth, or by the court on its own motion, and the facts being entered of record, the judge of the circuit court shall appoint an attorney-at-law as acting attorney for the Commonwealth to serve for such length of time as may be necessary. Such acting attorney for the Commonwealth shall act in place of and otherwise perform the duties and exercise the powers of such regular attorney for the Commonwealth, and while so acting shall receive the salary and allowance for expenses fixed by the State Compensation Board for such regular attorney for the Commonwealth, who during such length of time shall not receive any such salary or allowance."

Code § 2.2-2802 provides:

6

"No state, county or municipal officer or employee shall forfeit his title to office or position or vacate the same by reason of either engaging in the war service of the United States when called forth by the Governor pursuant to the provisions of § 44-75.1, or when called to active duty in the armed forces of the United States. Any such officer or employee who, voluntarily or otherwise, enters upon such war service or is called to service may notify the officer or body authorized by law to fill vacancies in his office, of such fact, and thereupon be relieved from the duties of his office or position during the period of such service. The officer or body authorized to fill vacancies shall designate some suitable person to perform the duties of such office as acting officer during the period the regular officer is engaged in such service, and during such period the acting officer shall be vested with all the powers, authority, rights and duties of the regular officer for whom he is acting."

B.

Counsel for Judge Grubbs asserts that Hannett may not invoke this Court's original jurisdiction because he may not use a writ of mandamus to challenge the circuit court's conclusion that the Commonwealth's Attorney will be absent from the performance of the duties of his office during the period that he will be on active duty in the United States Army. Continuing, counsel for Judge Grubbs asserts that the circuit court's exercise of its authority under Code § 19.2-156 is discretionary and, thus, mandamus is an inappropriate remedy. We disagree.

The basis of Hannett's petition for writ of mandamus is that he believes he has been wrongfully deprived of the office

7

of Commonwealth's Attorney of Floyd County.  Clearly, mandamus is the appropriate remedy.  Indeed, for over 200 years, courts in this Commonwealth have held that the writ of mandamus is a proper remedy to restore a public officer who has been unlawfully removed or deprived of that office.  In re: Joseph D. Morrissey, 246 Va. 333, 334, 433 S.E.2d 918 (1993); Giles County Board of Supervisors v. Carr, 222 Va. 379, 381, 282 S.E.2d 14, 16 (1981); Bunting v. Willis, 68 Va. 144, 161 (1876); Dew v. Judges of Sweet Springs, 13 Va. (3 Hen. & M.) 1, 23 (1808); Smith v. Dyer, 5 Va. (1 Call.) 562, 566 (1799).  Mandamus is a proper remedy because this procedure accords prompt resolution of issues relating to the operation of a public office, and mandamus provides the most convenient and complete relief.  Bunting, 68 Va. at 161.

C.

Hannett contends that Code § 19.2-156 "does not provide the requisite jurisdiction for a circuit court to appoint an acting Commonwealth's Attorney merely because the elected Commonwealth's Attorney is called to active duty in the Armed Forces of the United States during a time of war." Continuing, Hannett argues that the circuit court should have applied Code § 2.2-2802, which creates certain exceptions for public officers or employees engaging in war service or called to active duty with the Armed Forces.  Additionally, Hannett

8

asserts that even if Code § 19.2-156 is applicable, the circuit court failed to make the requisite findings that Hannett will be unable to continue in the performance of the duties of his office.  We disagree with Hannett's contentions.

In Virginia, courts are required to apply the plain meaning of statutes, and this Court is not free to add language, or ignore language, contained in statutes.  Signal Corp. v. Keane Federal Systems, 265 Va. 38, 46, 574 S.E.2d 253, 257 (2003); Halifax Corp. v. First Union Nat'l Bank, 262 Va. 91, 99, 546 S.E.2d 696, 702 (2001).  We have repeatedly stated that:

> "While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless a literal construction would involve a manifest absurdity.  Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed."

Id. at 262 Va. at 99-100, 546 S.E.2d at 702; see also Watkins v. Hall, 161 Va. 924, 930, 172 S.E. 445, 447 (1934); accord Haislip v. Southern Heritage Ins. Co., 254 Va. 265, 268, 492 S.E.2d 135, 137 (1997); Weinberg v. Given, 252 Va. 221, 225, 476 S.E.2d 502, 504 (1996).  Read in this context, Code § 19.2-156 is the controlling statute in the case at bar, not Code § 2.2-2802.

9

Contrary to the assertions of both litigants, Code §§ 2.2-2802 and 19.2-156 are not inconsistent. Rather, the two separate and distinct statutes govern different circumstances.

Code § 2.2-2800 provides that individuals cannot simultaneously serve as officers or employees of the federal government and of the Commonwealth of Virginia. If a Virginia officer or employee accepts a position with "any emolument whatever" from the federal government, then that officer or employee "ipso facto" vacates his office or position with the Commonwealth. Code § 2.2-2802, among other things, creates an exception to this "ipso facto" loss of office or position for Virginia officers or employees who are called into active service. Code § 2.2-2802 provides that such officer or employee "shall not forfeit his title to office or position or vacate the same" by reason of active service in the United States Armed Forces. Thus, pursuant to Code § 2.2-2802, Hannett did not forfeit or vacate the office of Commonwealth's Attorney "ipso facto" when he began to serve on active duty in the United States Armed Forces. Furthermore, Code § 2.2-2802 anticipates the appointment of a person to perform the duties of the office of attorney for the Commonwealth in an "acting capacity." This statutory authorization to perform such

duties of office in an acting capacity does not cause a forfeiture or create a vacancy in that office.

The General Assembly in Code § 19.2-156 specifically prescribed a procedure for the temporary appointment of an attorney for the Commonwealth when the attorney for the Commonwealth was absent for a prolonged period of time from the performance of the duties of the office. Because Code § 2.2-2802 and Code § 19.2-156 are not inconsistent, we need not apply rules of statutory construction reconciling the two statutes. In any event, Code § 19.2-156 would be the applicable statute because it deals specifically with the office of Commonwealth's Attorney.

Code § 2.2-2802 states in part that "[n]o state, county or municipal officer or employee shall forfeit his title to office or position or vacate the same by reason of either engaging in the war service of the United States . . . or when called to the active duty in the armed forces of the United States." (Emphasis added). Contrary to Hannett's assertions, he was not required to forfeit or vacate his office in violation of this statutory provision.

The word "forfeit" means "to lose or lose the right to by some error, fault, offense, or crime: alienate the right to possess by some neglect . . . ." Webster's Third New International Dictionary 891 (1993). A public official who

11

has forfeited title to the office lacks the authority to perform the duties of that office during the term of office. See, e.g., Shell v. Cousins, 77 Va. 328, 332 (1883) (sheriff who forfeited office created a vacancy in that office); Commonwealth v. Fugate, 29 Va. 724, 726 (1830) (justice of the peace who forfeited office legally incapacitated from ever acting under his commission). The order entered by the circuit court did not result in a forfeiture of the office of the Commonwealth's Attorney of Floyd County because Hannett will be able to resume the duties of Commonwealth's Attorney upon the conclusion of his active duty with the United States Army.

The circuit court similarly did not decree that Hannett had vacated the office of Commonwealth's Attorney of Floyd County. Hannett remains the Commonwealth's Attorney of Floyd County. He is the incumbent who possesses the title to the office of Commonwealth's Attorney.

Murray-Shortt, who has been appointed as the "acting attorney" for the Commonwealth for Floyd County, is not the incumbent of that office. Her temporary authority to exercise the powers and discharge the duties of the office will abate when Hannett ends his prolonged absence on military duty and returns to Floyd County to resume his duties as the Commonwealth's Attorney. Simply stated, Murray-Shortt, the

12

acting Commonwealth's Attorney, will be divested of all authority to perform the duties of that office upon the cessation of Hannett's prolonged "period of time [absent] from the performance of the duties of his office."  While Murray-Shortt is temporarily vested with the duties of the office of Commonwealth's Attorney under Code § 19.2-156 and the circuit court's order, she is not and could not be vested in the title of that office.

Hannett's status as the Commonwealth's Attorney for Floyd County and Murray-Shortt's status as the temporary acting attorney for the Commonwealth are illustrated by the consequences that would ensue if either Hannett or Murray-Shortt resigned.  If Murray-Shortt resigned, the office of Commonwealth's Attorney would not be vacant, and the circuit court, acting pursuant to Code § 19.2-156, would enter an order that appointed a lawyer to discharge the duties of the office of the Commonwealth's Attorney.  However, if Hannett, the incumbent who holds title to the office resigned, a vacancy would indeed exist.  Thus, pursuant to Code § 24.2-228.1(B), the circuit court would make an interim appointment "until the qualified voters fill the vacancy by election and

13

the person so elected has qualified and taken the oath of office."  Code § 24.2-228.1(B).[*]

                                    D.

Hannett argues that the circuit court erred by concluding, pursuant to Code § 19.2-156, that it shall be necessary for him to be absent for a prolonged period of time from the performance of the duties of his office.  We disagree.  The verified statement of facts and exhibits before this Court contain facts that support the circuit court's conclusion that the Commonwealth's Attorney of Floyd County will absent himself for a prolonged period of time from the performance of the duties of his office.

Hannett admitted that he advised the circuit court that Hannett's Army Reserve unit had been activated for military

---

[*] Code § 24.2-228.1 states in relevant part:  "The highest ranking deputy officer, or, in the case of the office of attorney for the Commonwealth, the highest ranking full-time assistant attorney for the Commonwealth, if there is such a deputy or assistant in the office, shall be vested with the powers and shall perform all of the duties of the office, and shall be entitled to all the privileges and protections afforded by law to elected or appointed constitutional officers, until the qualified voters fill the vacancy by election and the person so elected has qualified and taken the oath of office.  In the event that (i) there is no deputy officer or full-time assistant attorney for the Commonwealth in the office or (ii) the highest-ranking deputy officer or assistant attorney for the Commonwealth declines to serve, the court shall make an interim appointment to fill the vacancy pursuant to Code § 24.2-227 until the qualified voters fill the vacancy by election and the person so elected has qualified and taken the oath of office."

                                    14

service in Iraq and would be mobilized on May 8, 2005. Even though Hannett had informed the circuit court that he could perform the duties of his office while deployed on active duty, the court was not required to accept this conclusion.

Code § 15.2-1627(B), which prescribes certain duties imposed upon attorneys for the Commonwealth and their assistants, states:

> "B. The attorney for the Commonwealth and assistant attorney for the Commonwealth shall be a part of the department of law enforcement of the county or city in which he is elected or appointed, and shall have the duties and powers imposed upon him by general law, including the duty of prosecuting all warrants, indictments or informations charging a felony, and he may in his discretion, prosecute Class 1, 2 and 3 misdemeanors, or any other violation, the conviction of which carries a penalty of confinement in jail, or a fine of $500 or more, or both such confinement and fine. He shall enforce all forfeitures, and carry out all duties imposed upon him by § 2.2-3126."

Based upon the record before the circuit court and this Court, it was certainly reasonable for the circuit court to conclude that Hannett could not discharge his statutorily prescribed duties during deployment on active military duty and engagement in a war thousands of miles from Floyd County. And, we note that the Commonwealth's Attorney in Floyd County prosecutes cases on behalf of the Commonwealth and Floyd County in the circuit, general district, and juvenile and domestic relations district courts in that County. Also, the

15

circuit court was of the opinion that Hannett's services were "vital for the welfare of the Floyd County community."

We recognize that Hannett hired a temporary assistant Commonwealth's Attorney for the County of Floyd, Dennis Nagle, to assist Hannett. We observe that Nagle possesses the lawful authority to act as an assistant Commonwealth's Attorney for the County of Floyd. However, the appointment of Nagle as a temporary employee did not impair the circuit court's statutory authority to appoint an acting attorney for the Commonwealth who will serve for such length of time as may be necessary. And, contrary to Hannett's assertion, the judges of the 27th Judicial Circuit concurred in the decision to appoint an acting attorney for the Commonwealth to serve for such length of time as may be necessary pursuant to Code § 19.2-156.

The circuit court failed to give Hannett notice of the hearing that occurred on May 5, 2005. The record does not reflect why Hannett, a constitutional officer, was not accorded notice of the hearing and an opportunity to appear and present evidence. However, Hannett does not raise these issues in his petition and, therefore, they have been waived.

E.

Hannett also seeks, in this proceeding, a writ of prohibition. However, it is well-established in the jurisprudence of this Commonwealth that:

> "The writ of prohibition does not lie to correct error, but to restrain an inferior court from acting in a matter of which it has no jurisdiction, or in which it is transcending the bounds of its jurisdiction."

Moss v. Barham, 94 Va. 12, 14, 26 S.E. 388, 388 (1896); see also Shell, 77 Va. at 332. We recently applied this well-established principle in In re: Commonwealth's Attorney for the City of Roanoke, 265 Va. 313, 316-17, 576 S.E.2d 458, 461 (2003).

In this proceeding, the writ of prohibition clearly does not lie. The circuit court had jurisdiction to consider the question whether it was necessary for the attorney for the Commonwealth of Floyd County to be absent for a prolonged period of time from the performance of the duties of his office and if so, what attorney should be appointed as acting attorney for the Commonwealth to serve for such length of time as may be necessary.

                            III.

Finding no merit in Hannett's contentions, we will dismiss the petition for writ of mandamus and the petition for the writ of prohibition.

                                        Dismissed.

17

JUSTICE KINSER, with whom JUSTICE KOONTZ and JUSTICE LEMONS join, concurring in part and dissenting in part.

I conclude that the Honorable Ray W. Grubbs, judge of the Circuit Court of Floyd County, unlawfully deprived Gordon E. Hannett of the office of Commonwealth's Attorney of Floyd County.  The effect of the circuit court's order of May 5, 2005 was to require Hannett to vacate his title to office because he had been called to active duty in the armed forces of the United States.  Thus, that order violated the express provisions of Code § 2.2-2802.  For that reason, I respectfully dissent with regard to sections II(C) and III of the majority opinion and would issue the writ of mandamus.  I concur with the other sections of the majority opinion.

Under the provisions of Code § 2.2-2802, "[n]o state, county or municipal officer or employee shall <u>forfeit</u> his title to office or position or <u>vacate</u> the same by reason of either engaging in the war service of the United States . . . or when called to active duty in the armed forces of the United States."  (Emphasis added.)  That statute creates an exception to the general prohibition set forth in Code § 2.2-2800 precluding a person from "holding any office of honor, profit or trust under the Constitution of Virginia" while at the same time holding "any office or post of profit, trust, or emolument, civil or military, legislative, executive, or

18

judicial, under the government of the United States."  Code § 2.2-2800; see City of Lynchburg v. Suttenfield, 177 Va. 212, 215-20, 13 S.E.2d 323, 324-26 (1941) (applying the exception as set forth in a predecessor statute to Code § 2.2-2802). Except in the situations covered in Code § 2.2-2802, the acceptance of any such office with the government of the United States "ipso facto[] vacate[s]" any such office "under the government of this Commonwealth or under any county, city, or town thereof."  Id. at 216, 13 S.E.2d at 324.

The majority concludes that Code § 2.2-2802 is not applicable to the facts of this case because the action taken by the circuit court did not require Hannett either to forfeit or to vacate his title or position as Commonwealth's Attorney. No forfeiture occurred, according to the majority, because Hannett can return to his position when he concludes his active duty in the armed forces of the United States, and the office of Commonwealth's Attorney was not vacated because Hannett remains the incumbent.  The General Assembly used the operative verbs, forfeit and vacate, in the disjunctive, meaning that the provisions of Code § 2.2-2802 apply if the May 5, 2005 order required Hannett either to forfeit or vacate his position.  While I disagree with the majority's analysis in both respects, I will focus on its conclusion that the

circuit court's order did not require Hannett to vacate the office of Commonwealth's Attorney of Floyd County.

To understand what it means to vacate the title to a public office or position, it is necessary to consider two of this Court's prior decisions, Chadduck v. Burke, 103 Va. 694, 49 S.E. 976 (1905), and Frantz v. Davis, 144 Va. 320, 131 S.E. 784 (1926). Both cases involved the question whether a vacancy existed in a particular public office at the end of an incumbent's fixed term.

In Chadduck, the office of "Superintendent of the Poor" was for a term commencing on July 1 and ending on June 30 four years later. 103 Va. at 695, 49 S.E. at 976. However, under a new Constitution that had been adopted, the term of the office was to begin on January 1. Id. at 696, 49 S.E. at 976. All county officers who were in office when the Constitution became effective were authorized to remain in their respective offices until the next January 1. Id. The new Constitution also specified "all officers elected or appointed shall continue to discharge the duties of their offices, after the terms to same have expired, until their successors have qualified." Id.

By statute, a specific procedure for filling the term of the office of Superintendent of the Poor commencing on January 1 was required, but the county judge failed to follow the

20

procedure in filling the office.  Id. at 696-97, 49 S.E. at 976-77.  Since no valid appointment had been made for the new term of office, the question before the Court was whether, as of January 1, a vacancy existed in the office of the Superintendent of the Poor that the county judge could fill by virtue of authority conferred under a different statute.  Id. at 697-98, 49 S.E. at 977.  In that context, we explained the word "vacancy":

> It is said that the word "vacancy," as applied to an office, has no technical meaning; that an office is vacant or not according to whether it is occupied by one who has a legal right to hold it and to exercise the powers and perform the duties pertaining thereto.  A vacant office is one without an incumbent.  Vacancy in office is one thing and term is another.  An office may be vacant and filled many times during a term of four years; but it cannot become vacant at the end of a term where the incumbent is authorized to hold over, for the instant the successor is duly appointed and has qualified he becomes entitled to the office, and there has been no hiatus at all.  So long, therefore, as an office is supplied with an incumbent, in the manner provided by the Constitution or law, who is legally qualified to exercise the powers and perform the duties which appertain to it, the office is not vacant.

Id. at 698, 49 S.E. at 977.

We then concluded that no vacancy existed in the office of the Superintendent of the Poor on January 1.  Id. at 700, 49 S.E. at 978.  Although the regular term of the incumbent expired on January 1, "he was just as fully authorized by law to hold the office and exercise the powers and perform the

21

duties appertaining to it after that time, until his successor had been duly appointed and qualified, as he was before the expiration of his regular term." Id. at 698, 49 S.E. at 977. Continuing, we stated "the period between the expiration of his term and the qualification of his successor is as much a part of the incumbent's term of office as the fixed statutory period, when the law provides that he shall hold until his successor qualifies." Id. at 698-99, 49 S.E. at 977.

Similarly, the question in Frantz was whether a vacancy in the office of city treasurer existed when the corporation court of the City of Roanoke declared petitioner's election as the new city treasurer null and void. 144 Va. at 322, 131 S.E. at 784-85. Believing that a vacancy existed because of the action of the corporation court, the city council elected the petitioner to the office. Id. at 322, 131 S.E. at 785. The respondent, who held the office of city treasurer before the election, claimed that there was no vacancy in the office and that the city council therefore was not authorized to appoint his successor. Id. at 323, 131 S.E. at 785. The respondent asserted that he was entitled to discharge the duties of the office of city treasurer after his term expired until his successor qualified. Id. at 323-24, 131 S.E. at 785.

We again relied upon the explanation in Chadduck regarding the word "vacancy" but decided, based on different statutes than those at issue in Chadduck, that a vacancy in the office of city treasurer did exist when the election was annulled and that the respondent was not entitled to hold over in that office. Id. at 324-27, 131 S.E. at 785-86. Thus, we concluded that the city council was within its rights when it appointed the petitioner to succeed the respondent as treasurer. Id. at 327, 131 S.E. at 786.

In both of these cases, the question whether a vacancy existed in the particular office at issue turned on whether the incumbent was authorized by law to hold over after the end of his fixed term until his successor qualified. The point to be gleaned from our decisions is that there is no vacancy in a public office when it is occupied by a person who has the legal right to hold the office, to exercise its powers, and to perform the required duties. Chadduck, 103 Va. at 698, 49 S.E. at 977. That person is referred to as the "incumbent." See Justice v. Campbell, 410 S.W.2d 601, 602 (Ark. 1967) ("An incumbent of an office is one who is in present possession of an office; one who is legally authorized to discharge the duties of that office."); Lee v. Peach County Bd. of Comm'rs, 497 S.E.2d 562, 563 (Ga. 1998) ("An incumbent is one 'who is legally qualified to exercise the powers and perform the

23

duties which pertain to it.' "); State ex rel. Sanders v. Blakemore, 15 S.W. 960, 961 (Mo. 1891) ("An incumbent of an office is one who is legally authorized to discharge the duties of that office."); State ex rel. Peters v. McCollister, 11 Ohio 46, 50 (1841) (same); Black's Law Dictionary 782 (8th ed. 2004) (defining the term "incumbent" as "[o]ne who holds an official post").

On the effective date of the circuit court's appointment of Stephanie Murray-Shortt to serve as the Commonwealth's Attorney of Floyd County, Hannett was no longer the incumbent.[12]  At that moment, he was not the person in possession of and holding the title to the office; he was not the person legally authorized to discharge its duties; he was not the person receiving the salary fixed by the State Compensation Board for the position of Commonwealth's Attorney of Floyd County.  Instead, Murray-Shortt was that person, i.e., the incumbent.  It does not matter that Murray-Shortt was authorized to act as the Commonwealth's Attorney only until Hannett returned from active military duty.  During the period of her appointment, although it was temporary and

---

[1] On May 13, 2005, this Court stayed the circuit court's order of May 5, 2005.  That fact does not affect my analysis.  The stay is in effect only until this case is resolved.  Under the majority decision, Murray-Shortt today will become the acting attorney for the Commonwealth in Floyd County.

indefinite, she replaced Hannett as Commonwealth's Attorney and held the title to the office with the attendant duties, responsibilities, and salary. At most, Hannett had "merely the inchoate right to be restored" to the office upon his return. Gullickson v. Mitchell, 126 P.2d 1106, 1111 (Mont. 1942). Thus, for the majority to say Hannett "is the incumbent who possesses the title of the office of Commonwealth's Attorney" and to use that reason to conclude that the circuit court's order did not vacate the office of Commonwealth's Attorney of Floyd County misconstrues the term "incumbent." If, as the majority concludes, Hannett remains the incumbent, two individuals simultaneously were authorized to discharge the duties of the office of Commonwealth's Attorney and to receive the salary for the position. In other words, the office had two incumbents at the same time. Many years ago, one court described such a situation as a "legal absurdity." Commonwealth ex rel. Broom v. Hanley, 9 Pa. 513, 520 (1848).

That an "incumbent" is the person presently possessing the title to office and authorized to perform the duties of the office is consistent with what we said in Chadduck and again in Frantz: "So long, therefore, as an office is supplied with an incumbent, . . . who is legally qualified to exercise

25

the powers and perform the duties which appertain to it, the office is not vacant." Chadduck, 103 Va. at 698, 49 S.E. at 977; see also Garcia v. Miller, 408 S.E.2d 97, 98 (Ga. 1991) ("An office is not vacant so long as it is filled by 'an incumbent who is legally qualified to exercise the powers and perform the duties which pertain to it.' "); State ex rel. Plunkett v. Miller, 137 So. 737, 738-39 (Miss. 1931) (" 'Vacancy in office' means the absence of an incumbent of the office who has been legally inducted therein."); Holtan v. Beck, 125 N.W. 1048, 1052-53 (N.D. 1910) (" 'A 'vacancy in office' . . . can never exist when an incumbent of the office is lawfully there and is in the actual discharge of official duty.' "); State ex rel. Whitney v. Johns, 3 Ore. 533, 537 (1869) ("Vacancy in an office means the want of an incumbent at the time."); Richardson v. Young, 125 S.W. 664, 686 (Tenn. 1910) ("The term 'vacancy' means . . . a want of the proper officer to officiate in such office.").

Obviously, the question in the case before us is not whether a vacancy existed in the office of Commonwealth's Attorney because of the absence of an incumbent but whether the circuit court's order required Hannett to vacate his title to office. Since a vacancy in a public office means the absence of an incumbent, it follows that the verb "vacate" as used in Code § 2.2-2802 means to deprive one of an incumbency.

26

See Webster's Third New International Dictionary 2527 (1993) (the word "vacate" means to "deprive of an incumbent" or "to give up the incumbency"). There can be no doubt that the May 5, 2005 order required Hannett to give up his incumbency, i.e., his title to the office of Commonwealth's Attorney and the legal authority to discharge the duties of that office. Thus, I conclude that Code § 2.2-2802 is indeed applicable to this mandamus proceeding.

To avoid the well-established meaning of the term "incumbent," the majority separates the duties and powers of the office of Commonwealth's Attorney from the title to that office and concludes that Murray-Shortt was vested only with the duties and powers of the office. Even if such a proposition were possible under Virginia law, the terms of Code § 2.2-2802 provide that a public officer such as Hannett shall not vacate either his "title to office or position" by virtue of being called to active duty in the armed forces of the United States. There can be no doubt that the circuit court's order that appointed Murray-Shortt "to serve in the place of" Hannett caused Hannett to vacate his position. He could no longer perform the duties, exercise the powers, or receive the salary of the office of Commonwealth's Attorney.

Since the circuit court required Hannett to vacate the "title to office or position" of Commonwealth's Attorney

27

despite the clear mandate of Code § 2.2-2802 that "[n]o state, county or municipal officer or employee shall . . . vacate" his office or position "when called to active duty in the armed forces of the United States," the order of May 5, 2005 unlawfully deprived Hannett of his title to office unless the provisions of Code § 19.2-156, the statute utilized by the circuit court to appoint an acting attorney for the Commonwealth, prevail over those of Code § 2.2-2802. Unlike the majority, I conclude that the provisions of those two statutes, in the context of this case, are conflicting. I resolve that conflict by applying an established rule of statutory construction: "[W]hen one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails." Virginia Nat'l Bank v. Harris, 220 Va. 336, 340, 257 S.E.2d 867, 870 (1979); accord Frederick County Sch. Bd. v. Hannah, 267 Va. 231, 236, 590 S.E.2d 567, 569 (2004); County of Fairfax v. Century Concrete Servs., 254 Va. 423, 427, 492 S.E.2d 648, 650 (1997); Dodson v. Potomac Mack Sales & Serv., Inc., 241 Va. 89, 94-95, 400 S.E.2d 178, 181 (1991).

In deciding which of the two statutes at issue is more specific, I recognize that Code § 2.2-2802 applies to a large group of public officers and Code § 19.2-156 pertains only to

28

Commonwealth's Attorneys.  However, if a circuit court can appoint an acting attorney for the Commonwealth when the Commonwealth's Attorney is absent from performing the duties of the office for a prolonged period due to any reason, compare Code § 19.2-156 (authorizing appointment of acting attorney for the Commonwealth when Commonwealth's Attorney has a prolonged absence from performing the duties of the office, with attendant loss of salary) with Code § 19.2-155 (authorizing appointment of acting attorney for the Commonwealth when the Commonwealth's Attorney "is unable to act, or to attend to his official duties . . . due to sickness, disability or other reason of a temporary nature", without loss of salary), that general authority is limited by the more specific provisions of Code § 2.2-2802 protecting a public officer from forfeiting or vacating the title to office because of being called to active duty in the armed forces of the United States.  Moreover, as I stated previously, the provisions of Code § 2.2-2800 prohibit holding an office under the Constitution of the Virginia while at the same time holding an office under the United States government.  The narrow statutory exception to this prohibition provided in Code § 2.2-2802 for public officers who are called to active duty in the armed forces of the United States reflects an

important policy choice by the General Assembly that should not be ignored.[2]

Additionally, the General Assembly last amended Code § 19.2-156 in 1975, 1975 Va. Acts ch. 495; whereas, the General Assembly amended Code § 2.2-2802 in its entirety in 2001, 2001 Va. Acts ch. 844. " '[I]f a later statute does not by its terms or by necessary implication repeal entirely a former one in pari materia, yet if it clearly appears that the later statute was intended to furnish the only rule to govern a particular case, it repeals the former to that extent.' " Standard Drug Co., Inc. v. General Electric Co., 202 Va. 367, 379, 117 S.E.2d 289, 297 (1960) (quoting American Cyanamid Co. v. Commonwealth, 187 Va. 831, 841, 48 S.E.2d 279, 285 (1948)). Factors to consider in deciding that question include " 'the occasion and the reason of the enactment, the letter of the act, the context, the spirit of the act, the subject matter and the provisions of the act.' " Standard Drug Co., 202 Va. at 379, 117 S.E.2d at 297. If the General Assembly did not intend for the protection of Code § 2.2-2802 to apply to

---

[2] Under Code § 2.2-2802, Hannett had the discretion to ask to be relieved of his duties as Commonwealth's Attorney for the period of his service in the armed forces of the United States. He chose not to do so, but instead obtained permission from the State Compensation Board to hire a part-time assistant Commonwealth's Attorney.

Commonwealth's Attorneys, it could have so stated when it amended Code § 2.2-2802 in 2001.  But, it did not do so.

For these reasons, I respectfully concur in part and dissent in part.  I would issue the writ of mandamus.